## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HEATHER AMRO, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>MENU FOODS INCOME FUND, MENU FOODS, INC., a New Jersey corporation, MENU FOODS HOLDINGS, INC., MENU FOODS MIDWEST CORPORATION, a Delaware corporation, CHEMNUTRA INC., a Delaware corporation, CHEMNUTRA LLC, THE PROCTOR & GAMBLE COMPANY, an Ohio corporation and THE IAMS COMPANY,<br><br>                Defendants. | Case No. 07 C 2162<br><br>Judge John W. Darrah<br><br>**JURY TRIAL DEMANDED** |
| DAWN MAJERCZYK, individually and on behalf of a class of similarly situated individuals,<br><br>                Plaintiff,<br><br>   v.<br><br>MENU FOODS, INC., a New Jersey corporation, MENU FOODS INCOME FUND, MENU FOODS OPERATING TRUST, unincorporated open-ended trusts established under Ontario law, MENU FOODS LIMITED PARTNERSHIP, a limited partnership organized under Ontario law, MENU FOODS ACQUISTION INC., MENU FOODS LIMITED, business corporations organized under Ontario law, MENU FOODS HOLDINGS, INC., and MENU FOODS MIDWEST CORPORATION, a Delaware corporation,<br><br>                Defendants. | Case No. 07 CV 1543<br><br>Judge Wayne R. Andersen<br><br>**JURY TRIAL DEMANDED** |

## MOTION FOR A FINDING OF RELATEDNESS

Dockets.Justia.com

Pursuant to Local Rule 40.4 of the District Court for the Northern District of Illinois, plaintiff Heather Amro ("Plaintiff"), by her attorneys, moves this Court to make a finding that the above-captioned class actions *Amro v. Menu Foods Income Fund, et al.*, (No. 07 C 2162), currently assigned to Judge John W. Darrah, and *Majerczyk v. Menu Foods Inc., et al.* (No. 07 CV 1543), currently assigned to this Court, are related. In support of this Motion, Plaintiff states as follows:

1. Local Rule 40.4(b) provides:

   A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

   (1) both cases are pending in this Court;

   (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

   (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

   (4) the cases are susceptible of disposition in a single proceeding.

LR 40.4(b).

2. Cases are deemed related and may be reassigned if the Court determines that management of the related cases will save judicial time and effort, and the cases have at least one of the following characteristics:

   (1)   the cases involve the same property;

   (2)   the cases involve some of the same issues of fact or law;

   (3)   the cases grow out of the same transaction or occurrence; or

   (4)   in class actions, one or more of the classes involved in the cases is or are the same.

2

LR 40.4(a).

3. Plaintiff filed her Class Action Complaint (the "*Amro* Class Action Complaint") (attached hereto as Exhibit A) on April 18, 2007. The case is presently assigned to Judge Darrah.

4. The *Amro* Class Action Complaint alleges that the defendants breached their duties and warranties to its customers by selling contaminated pet food, which resulted in the deaths of numerous pets, and failing to issue a recall of such contaminated pet food products in a timely manner. (*Amro* Class Action Compl. at ¶¶ 1, 16-26.) Plaintiff seeks certification of a class comprised of all "persons and entities that purchased recalled dog or cat food exported, imported, manufactured, distributed, marketed and/or sold by Defendants." (*Id.* at ¶ 31.)

5. The First Amended Class Action Complaint in *Majerczyk* (the "*Majerczyk* First Amended Class Action Complaint') (attached hereto as Exhibit B) was filed on April 4, 2007 and is pending in this Court.

6. The *Majerczyk* First Amended Class Action Complaint, which has the lower docket number of the two cases, makes allegations almost identical to those raised in the *Amro* Class Action Complaint and also seeks relief as a result the defendants' sale of contaminated pet food and failure to issue a timely recall of such products. (*Majerczyk* First Am. Class Action Compl. at ¶¶ 1-9, 23-42.) The *Majerczyk* First Amended Class Action Complaint seeks certification of a class of consisting of all individuals "who purchased pet food in the United States that was ultimately subject to the March 16, 2007 Menu Foods recall or any subsequently announced recall." (*Id.* at ¶ 49.)

7. As evidenced above, both *Amro* and *Majerczyk* arise from substantially identical claims based upon the defendants' improper conduct of manufacturing, distributing or selling

3

contaminated pet food products. Further, both Complaints seek certification of a class that is virtually identical. (*Amro* Class Action Compl. at ¶ 31; *Majerczyk* First Am. Class Action Compl. at ¶ 49.) Thus, these actions are nearly indistinguishable on each applicable criteria listed in Local Rule 40.4(a).

8. Moreover, the reassignment of *Amro* to this Court will save a substantial amount of judicial time and effort. Relating these actions will prevent the duplication of motion practice, discovery and effort in pre-trial proceedings and possible inconsistent rulings on similar issues. LR 40.4(b)(2).

9. Both *Amro* and *Majerczyk* have requested a trial by jury. Therefore, both of these cases are susceptible of disposition in a single proceeding. LR 40.4(b)(4). These class actions can also be consolidated pursuant to F. R. Civ. P. 42(a).

10. Further, although not identical, both of these actions name substantially the same defendants. Thus, any differences in the number and identity of named defendants can be cured through the filing of a consolidated complaint. LR 40.4(b)(4).

11. *Majerczyk* has not significantly progressed and will not be delayed by the reassignment of *Amro* as the defendant's appearance and responsive pleading have yet to be filed in *Majerczyck*. LR 40.4(b)(3).

WHEREFORE, Plaintiff respectfully requests that this Court make a finding that *Amro* and *Majerczyk* are related and reassign *Amro* to this Honorable Court, to whom the action with the lowest docket number, *Majerczyk*, is assigned.

Dated: April 19, 2007                    HEATHER AMRO, on behalf of herself and all others similarly situated,


By:  /s/ Kenneth A. Wexler
    Kenneth A. Wexler
    Andrae P. Reneau
    **Wexler Toriseva Wallace LLP**
    One North LaSalle St., Suite 2000
    Chicago, Illinois 60602
    Telephone:  (312) 346-2222
    Facsimile: (312) 346-0022

    Mark J. Tamblyn
    **Wexler Toriseva Wallace LLP**
    1610 Arden Way, Suite 290
    Sacramento, California 95815
    Telephone: (916) 568-1100
    Facsimile: (916) 568-7890

    Stuart C. Talley
    **Kershaw, Cutter, & Ratinoff, LLP**
    980 9th Street, 19th Floor
    Sacramento, California  95814
    Telephone: (916) 448-9800
    Facsimile: (916) 669-4499

    *Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I, Andrae P. Reneau, hereby certify that I am one of plaintiff's attorneys and I caused copies of the foregoing **Motion for a Finding of Relatedness** to be served on:

>John Blim
>Jay Edelson
>Myles McGuire (Of Counsel)
>**Blim & Edelson LLC**
>53 W. Jackson Blvd., Suite 1642
>Chicago, IL 60604
>Telephone: (312) 913-3400
>Facsimile: (312) 913-9401
>
>*Counsel for Plaintiff Dawn Marjerczyk*

via the Court's Electronic Filing System, and

>Edward B. Ruff, III
>Michael P. Turiello
>**Pretzel & Stouffer Chartered**
>One South Wacker Drive
>Suite 2500
>Chicago, IL 60606
>Telephone: (312) 346-1973
>Facsimile: (312) 346-8242
>
>*Counsel for Defendants Menu Foods, Inc., Menu Foods Income Fund, Menu Foods Operating Trust, Menu Foods Limited Partnership, Menu Foods Acquisition Inc., Menu Foods Limited, Menu Foods Holdings, Inc. and Menu Foods Midwest Corp. (Not Yet Appeared)*

via facsimile and U.S. Mail, with proper postage prepaid, this 19th day of April, 2007.

/s/ Andrae P. Reneau