IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWN MAJERCZYK individually and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>    vs.<br><br>MENU FOODS, INC., a New Jersey Corporation, et al.<br><br>        Defendants. | No. 1:07-CV-01543<br><br>Judge Wayne R. Andersen<br><br>**Jury Trial Demanded** |

### MOTION FOR REASSIGNMENT OF RELATED CASE

Plaintiffs Raymond and Katherine Demith (the "Demith Plaintiffs") hereby move pursuant to Local Rule 40.4 of the United States District Court for the Northern District of Illinois for the reassignment of their case (No. 07 CV 2211, the "Demith Lawsuit", to Hon. Wayne R. Andersen, before whom the related case of Majerczyk, et al. v. Menu Foods, Inc., et al. (No 07 CV 1543, the "Majerczyk Lawsuit") is pending. In support of their motion plaintiffs state as follows:

1.    The Demith Lawsuit was filed on April 23, 2007 and assigned to Judge Darrah. A copy of the complaint is attached as Exhibit A. In their lawsuit, the Demith plaintiffs seek declaratory and injunctive relief against Nestle Purina in connection with its conduct in the ongoing pet food recall the subject of MDL-1850, "*In Re Pet Food Products Liability Litigation*". The Demith Plaintiffs bring this action on their own behalves and on behalf of a nationwide class of "all persons in the United States who purchased, or incurred damages by using, pet food produced, manufactured, sold, or imported by Defendants that was or will be

recalled by the Defendants.  This definition includes pet food that causes death or illness but escapes recall for any reason."  The Demith Plaintiffs also bring this action on their own behalves and on behalf of an Illinois subclass of "all persons in the State of Illinois who purchased, or incurred damages by using, pet food produced, manufactured, sold or imported by Defendants that was or will be recalled by the Defendants.  This definition includes pet food that causes death or illness but escapes recall for any reason."  (Exhibit A, Demith Complaint, ¶¶ 41-42.)

2.  The Majerczyk Lawsuit was filed against Menu Foods, Inc. on March 20, 2007 and assigned to Judge Andersen.  Plaintiffs filed an Amended Complaint on April 4, 2007.  A copy of the Amended Complaint is attached as Exhibit B.

3.  The Majerczyk Lawsuit seeks declaratory and injunctive relief and damages from Menu Foods, Inc. for its conduct in the ongoing pet food recall the subject of MDL-1850, "*In Re Pet Food Products Liability Litigation*" and is one of the cases pending consideration by the Joint Panel for Multidistrict Litigation ("JPML") on May 31, 2007.  The Demith Plaintiffs are in the process of formally notifying the JPML of the Demith Lawsuit.  A copy of the JPML order is attached as Exhibit C.  The Majerczyk Lawsuit is brought as a class action on behalf of a nationwide class of "(Plaintiff) and all others who purchased pet food in the United States that was ultimately subject to the March 16, 2007 Menu Foods recall or any subsequently announced recall."  (Ex. B., ¶49.)

4.  This case and the Majerczyk Lawsuit are related within the meaning of LR 40.4 of this Court.

    A.  The cases involve many of the same issues of fact and law.  (LR 40.4(a)(2).)

        Both cases are brought to obtain relief from two of the nation's largest suppliers

       of pet food in connection with their conduct in the ongoing pet food recall. The Demith Lawsuit and the Majerczyk Lawsuit both seek declaratory and injunctive relief from defendants. Both lawsuits contain claims for breach of express and implied warranties, (Ex. A., ¶¶50, 57, Ex. B., ¶54), negligence, (Ex. A. ¶61, Ex. B., ¶59) and consumer fraud, (Ex. A., ¶83, Ex. B., ¶64).

B.    The cases grow out of the same transactions and occurrences. (LR 40.4(a)(3).) Both cases are based on conduct of pet food suppliers in connection with the nation's ongoing pet food recall the subject of MDL-1850, "*In Re Pet Food Products Liability Litigation*".

C.    The plaintiff classes in the Demith Lawsuit and the Majerczyk Lawsuit are substantially the same.

5.    All of the conditions for reassignment specified by LR 40.4 are met:

A.    Both cases are pending in this Court (LR 40.4(b)(1)).

B.    The handling of both cases by a single judge is likely to result in a substantial savings of time and effort. (LR 40.4(b)(2).) There is a near identity of factual and legal issues presented by the Demith Lawsuit and the Majerczyk Lawsuit insofar as they both seek declaratory and injunctive relief. Thus, the same issues will have to be decided in both cases and there will be a substantial judicial economy from having those issues decided only once. Additionally, it appears very likely that the JPML will ultimately transfer both of these cases to the same court for pretrial coordination and consolidation.

C.    The earlier filed case (the Majerczyk Lawsuit) has not progressed to the point where designating the Demith Lawsuit as related would delay the earlier filed

        case. (LR 40.4(b)(3).)  Defendants have not yet filed an answer in the Majerczyk Lawsuit, nor does it appear likely that they will do so prior to a decision from the JPML on pretrial coordination and consolidation.  The earlier filed case would not be delayed at all by finding the Demith Lawsuit to be related and reassigning it to Judge Andersen.

    D.    The cases are susceptible of disposition in a single proceeding.  (LR 40.4(b)(4).)  As discussed above, the claims made by plaintiffs in the Demith Lawsuit are substantially identical to the claims in the Majerczyk Lawsuit and those claims can and should be adjudicated in a single proceeding.  Granted, the Lawsuits are against different defendants and the Demith Lawsuit contains additional claims not present in the Majerczyk Lawsuit.  However, the similarities outlined above support reassignment, especially in light of the pending JPML decision and the impact that decision will have upon both cases.

    6.    This motion is timely.  LR 40.4(c) states that "[i]n order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved."  However, the rule states a general practice, not an inflexible rule.  <u>Freeman v. Bogusiewiz</u>, No. 03 C 2908, 2004 WL 1879045, at *1 (N.D. Ill Aug. 11, 2004); <u>KPASA, LLC v. United States</u>, No. 04 C 109, 2004 WL 1144053, at *4 (N.D. Ill. May 17, 2004).  In these cases, the JPML has already docketed the matter for consideration on May 31, 2007.  Therefore, awaiting an answer or motion to dismiss in the complaints may result in an inefficient use of judicial resources.

    Wherefore, plaintiffs ask that pursuant to LR 40.4, this Court:

4

A. Enter an order pursuant to Local Rule 40.4 finding the Demith Lawsuit and the Majerczyk Lawsuit to be related within the meaning of the rule and that the Demith Lawsuit should be reassigned to Judge Andersen, before whom the Majerczyk Lawsuit is pending; and

B. Forward those findings to the Executive Committee of this Court with a request that the Committee reassign the Demith Lawsuit to this Court.

Respectfully submitted,

DATED: April 25, 2007

/s/ Steven E. Schwarz
STEVEN E. SCHWARZ

THE LAW OFFICES OF
 STEVEN E. SCHWARZ, ESQ.
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone: 773/837-6134

Attorney for Plaintiffs and the Class

## CERTIFICATE OF SERVICE

I, Steven E. Schwarz, hereby certify that I am plaintiff's attorney and I caused copies of the foregoing **Motion for Reassignment of Related Case** to be served on:

> John Blim
> Jay Edelson
> Myles McGuire (Of Counsel)
> **Blim & Edelson LLC**
> 53 W. Jackson Blvd., Suite 1642
> Chicago, IL 60604
> Telephone: (312) 913-3400
> Facsimile: (312) 913-9401
>
> Gino L. DiVito
> **Tabet DiVito & Rothstein LLC**
> 209 South LaSalle Street, 7th Floor
> Chicago, IL 60604
> Telephone: (312) 762-9460
>
> *Counsel for Plaintiff Dawn Majerczyk*

Via the Court's Electronic Filing System, and

> Edward B. Ruff, III
> Michael P. Turiello
> Priya K. Jesani
> **Pretzel & Stouffer Chartered**
> One South Wacker Drive
> Suite 2500
> Chicago, IL 60606
> Telephone: (312) 346-1973
> Facsimile: (312) 346-8242
>
> *Counsel for Defendants Menu Foods, Inc., Menu Foods Income Fund, Menu Foods Operating Trust, Menu Foods Limited Partnership, Menu Foods Acquisition Inc., Menu Foods Limited, Menu Foods Holdings, Inc. and Menu Foods Midwest Corp. (Not Yet Appeared)*

Via the Court's Electronic Filing System, this 25th day of April, 2007.

/s/ Steven E. Schwarz