## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DAWN MAJERCZYK individually and on    )
behalf of a class of similarly situated individuals,   )
    )
          Plaintiff,    )
    )
            v.    )    No.  07 CV 1543
    )
MENU FOODS, INC., a New Jersey Corporation,  )    Hon. Wayne R. Andersen
MENU FOODS INCOME FUND, MENU FOODS  )
OPERATING TRUST, unincorporated open-ended  )    **Jury Trial Demanded**
trusts established under Ontario law, MENU  )
FOODS LIMITED PARTNERSHIP, a limited  )
partnership organized under Ontario law, MENU  )
FOODS ACQUISTION INC., MENU FOODS  )
LIMITED, business corporations organized under  )
Ontario law, MENU FOODS HOLDINGS, INC.,  )
and MENU FOODS MIDWEST CORPORATION  )
Delaware corporations.  )
    )
          Defendants.    )
-------------------------------------------------------------x

### Majerczyk's Opposition to Amro's Motion for a Finding of Relatedness

### INTRODUCTION

Plaintiff Dawn Majerczyk respectfully submits this response in opposition to the motion

of Heather Amro, made pursuant to L.R. 40.4, for a transfer of Amro's case from Judge Darrah's

docket to that of this Court. In short, the grant of the motion would in fact undermine the very

interests of efficiency and judicial resources it purports to foster. As explained more fully below,

the motion should be denied.

### BACKGROUND

Majerczyk filed her original class action complaint in this Court on March 20,

2007 -- four days after the pet food recall at issue here. Amro did not file her case here in the

Northern District until April 18, 2007 -- more than four weeks later. (*See* Exhibit A to Amro's Motion.) Amro's counsel, however, had already been -- and remain -- very active in the issues at hand, albeit on behalf of other named class representatives in class actions they have filed in other venues.

On or about March 26, 2007, Amro's counsel filed a class action complaint against several Menu Foods entities in the Central District of California, *Sexton v. Menu Foods Income Fund et al.*, No. 07-CV-01958-GHK (AJWx). On or about March 30, Amro's counsel moved the Judicial Panel on Multidistrict Litigation ("JPML"), on behalf of their other client in the Sexton case, to transfer the several similar cases then filed for "coordination or consolidation" to the court of the Honorable George H. King in the Central District of California. (A copy of that motion was filed with this Court on March 30, and a copy of the body of that motion is attached hereto as Exhibit A.[1])

On April 19 -- the very day on which they filed the instant motion in this Court -- Amro's counsel changed course and told the JPML (again, on behalf of Shirley Sexton) that it should transfer the "sixty (60) actions [now] pending" against Menu Foods and others to the District of New Jersey, because that district is "a critical locus for discovery" and because doing so would "introduce efficiencies to the discovery process and streamline the management of these numerous cases." *See* Exhibit B[2] hereto at 5-6, 11. However, also in the past few days, Menu

---

[1]     In their motion, Amro's counsel asserted that "[e]fficiency in the administration of justice will be served by consolidation" before Judge King. *See id.* at 4.

[2]     Plaintiff Shirley Sexton's Memorandum of Law in Response to Plaintiff Troiano and Washington Plaintiffs' Motions for Transfer and Coordination or Consolidation under 28 U.S.C § 1407.

Foods and other defendants have announced their intention to seek from the JPML transfer of the

some 60 cases to this Court, and specifically to "the Honorable Wayne R. Anderson." *See*

Exhibit C hereto ¶ 5.[3]  After -- if not because of -- learning of defendants' intentions, Amro's

counsel filed her case here, along with the instant motion to bring it to this Court's docket.  Oral

argument on the several motions now pending before the JPML is scheduled for May 31, 2007.

**ARGUMENT**

**Transferring Amro's Case to this Court Before the MDL Panel Acts Would
Be Inefficient and a Waste of the Very Judicial Resources Amro Claims To Value.**

As Amro's motion acknowledges, LR 40.4 makes clear that the wisdom of a transfer

based on relatedness depends entirely on whether the transfer "is likely to result in a substantial

saving of judicial time and effort."  Amro Mot. ¶ 1 (quoting LR 40.4(b)).  But, although Amro

seems unaware of the irony, the expenditure of any judicial resources on the transfer of Amro's

case from Judge Darrah to this Court prior to the MDL Panel's action would almost certainly be

entirely wasteful.

As this Court knows, unless the MDL Panel (very surprisingly) chooses to leave the 60 or

more cases where they are, it will place them -- including Amro's  and Majerczyk's -- in the

venue it thinks most conducive to "the convenience of parties and witnesses" and "the just and

efficient conduct" of those actions.[4]  28 U.S.C. § 1407(a).  The transfer of a single case from one

---

[3]  Defendant's Motion for Coordinated Pre-Trial Proceedings Pursuant to 28 U.S.C. § 1407.

[4]  While the choice of this district and this Court would be an undiluted boon for Majerczyk's counsel, on behalf of their client and her putative class, they have submitted to the JPML that the real interests of justice and efficiency militate for the Western District of Arkansas as the best venue for transfer and coordination.

3

judge of this district to another before the Panel makes its decision can serve no purpose other than gamesmanship.

## CONCLUSION

For the reasons stated above, Majerczyk respectfully requests that this Court deny Amro's motion, or, in the alternative, enter and continue it pending the determination of the Judicial Panel on Multidistrict Litigation on the various transfer motions before it.


April 25, 2007                                        Dawn Majerczyk, individually and on behalf of a
                                                      class of similarly situated individuals




                                                      /s/ Gino L. DiVito
                                                      one of her attorneys

Gino L. DiVito
Tabet DiVito & Rothstein LLC
209 S. LaSalle Street, 7th Floor
Chicago, IL 60604
(312) 762-9460
(312) 762-9451 (Fax)

John Blim
Jay Edelson
Blim & Edelson, LLC
53 West Jackson Boulevard
Suite 1642
Chicago, Illinois 60604
(312) 913-9400
(312) 913-9401 (Fax)

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served the foregoing document on the following person(s) by electronic transmission:

Edward B. Ruff, III
Michael P. Turiello
Priya K. Jesani
Pretzel & Stouffer Chartered
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606

and the following person(s) by facsimile and U.S. Mail, proper postage prepaid:

Kenneth A. Wexler
Andrae P. Reneau
Wexler Toriseva Wallace LLP
One North LaSalle Street
Suite 2000
Chicago, Illinois 60602
Facsimile: 312-346-0022

on April 25, 2007.

_____/s/ John Blim_____