# EXHIBIT A

Dockets.Justia.com

*Relates to:*
*07-CV-01543-WRA*

*Andersen*
*07C1543*

## BEFORE THE JUDICIAL COUNCIL

## MULTIDISTRICT LITIGATION

| In re: | MDL No. _____ |
|---|---|
| PET FOOD PRODUCT LIABILITY LITIGATION | |

F I L E D

MAR 30 2007
MAR 30 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### PLAINTIFF SHIRLEY SEXTON'S MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407

Mark J. Tamblyn
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, CA 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

Stuart C. Talley
**KERSHAW, CUTTER & RATINOFF, LLP**
980 9th Street, 19th Floor
Sacramento, California 95814
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

Attorneys for Individual and Representative Plaintiff, *Shirley Sexton*

Plaintiff in the action listed below, by her attorneys, moves the Panel pursuant to 28 U.S.C. § 1407 to transfer the pending cases identified in the schedule filed concurrently herewith to the United States District Court for the Central District of California, and to consolidate them for pretrial purposes before the Honorable George H. King.

As set forth below and in the accompanying Memorandum, Movant believes the actions listed on the accompanying Schedule of Actions satisfy the requirements for consolidation and coordination because they concern common questions of fact and law and consolidation or coordination will serve the interests of efficiency and convenience.

In support of this Motion, Movant states as follows:

1. Movant is the plaintiff in the following case:

***Shirley Sexton v. Menu Foods Income Fund, Inc.***
United State District Court for the Central District of California
Case No. 07-cv-01958-GHK (AJWx).

2. The *Sexton Action* is a class action brought on behalf of all United States' residents who purchased contaminated pet food from Menu Foods Income Fund, Menu Foods Inc., and Menu Foods Midwest Corporation (collectively referred to as "Menu Foods").

3. Specifically, the *Sexton Action* alleges that Menu Foods sold contaminated pet food to the general public that could cause severe injuries and death to pets that consumed the food.

4. The *Sexton Action* seeks damages on behalf of all individuals who purchased the defendant's contaminated pet food.

5. The factual allegations in the related actions contain identical allegations concerning the defendant's sale of contaminated pet food to the public. (See Complaints attached hereto as Exhibits A (*Sexton*), B (*Holt*) C (*Sims*), D (*Majerczyk*), E (*Whaley*), and F (*Workman*). The cases are all similar with respect to the legal theories supporting

their claims. All of the plaintiffs assert claims for compensatory damages, claims under state unfair and deceptive acts statutes, as well as common law claims, arising out of the defendant's conduct. Moreover each of the related actions is a class action and seeks relief on behalf of the same class of persons: all persons who purchased the contaminated pet food sold by the defendant. In each case, the district court will be asked to determine the following factual and legal issues raised against defendants:

a) Whether Defendants intentionally, recklessly or negligently authorized injurious pet food to enter the market;

b) Whether Defendants failed to properly test their "cuts and gravy" style dog and cat food before market entry of such foods;

c) Whether Defendants intentionally, recklessly or negligently delayed in instituting a recall of its "cuts and gravy" style dog and cat food;

d) Whether Defendants' recall is adquate and properly notifies potentially affected consumers;

e) Whether Defendants' conduct constituted unlawful, unfair, or fradulent business practices under state consumer protections statutes;

f) Whether Defendants have been unjustly enriched as a result of their conduct;

g) Whether Plaintiff and members of the Class have sustained damages as a result of Defendants' conduct, and, if so, what is there appropriate measure of damages; and

h) Whether Plaintiff and members of the Class are entitled to punitive damages, and, if so, in what amount.

6. Discovery conducted in each of the actions proposed for consolidation will be substantially similar, and will involve the same or similar documents and witnesses, since each case arises from virtually identical operative facts relating to Menu Food's conduct.

7.     Absent transfer of all of these cases to a single forum for coordinated and consolidated pretrial proceedings, there is a substantial risk of inconsistent and conflicting pretrial rulings on discovery and other key issues, such as class certification.

8.     There has been no discovery in any of the actions and no initial disclosures have been made. Since all actions are in the beginning stage of litigation, no prejudice or inconvenience will result from transfer, coordination, and/or consolidation.

9.     Efficiency in the administration of justice will be served by consolidation, because one judge rather than three judges can supervise all pretrial proceedings and render rulings that are consistent for all plaintiffs on common issues.

10.    For the reasons stated in this Motion and the Memorandum of Law submitted herewith, Movant respectfully request that all cases listed in the attached schedule be transferred to the United States District Court for the Central District of California to be consolidated for pretrial purposes before the Honorable George H. King.

Dated: 3-26-07

KERSHAW, CUTTER & RATINOFF, LLP

By: _____
STUART C. TALLEY
980 9th Street, 19th Floor
Sacramento, California 95814
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

Mark J. Tamblyn
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, CA 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

Kenneth A. Wexler
**WEXLER TORISEVA WALLACE LLP**
One North LaSalle St., Suite 2000
Chicago, Illinois 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Attorneys for *Plaintiff/Petitioner, Shirley Sexton*