# EXHIBIT C

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE PET FOOD <br> PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) )    MDL Docket No. __1850__ |

### DEFENDANT'S MOTION FOR COORDINATED PRE-TRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407 and Rule 7.1(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendants, Menu Foods Holdings, Inc., Menu Foods South Dakota, Inc., Menu Foods, Inc., Menu Foods Midwest Corporation Menu Foods GenPar Limited, Menu Foods Investments, Ltd., Menu Foods Acquisition, Inc., 3036241 Nova Scotia Company, Retex Management Associates Limited, Menu Foods Corporation, Menu Foods Limited, 1446431 Ontario Limited, 1446432 Ontario Limited, ("hereinafter Menu Foods"), respectfully move the Judicial Panel on Multidistrict Litigation (the "Panel") for an order transferring and consolidating or coordinating all cases involving alleged injuries to animals currently pending in

federal courts and any subsequently filed or "tag along" actions to the United States District Court for the Northern District of Illinois, Eastern Division. In further support of its motion, Defendants hereby state as follows:

1. Currently, there are at least sixty (60) class action lawsuits filed on behalf of pet owners whose dogs or cats allegedly became ill after consuming pet food manufactured by Menu Foods. Defendants anticipate that many more class action lawsuits will be filed by the time the Panel hears the parties' motions to transfer for consolidation or coordination as the Menu Foods pet recall is the largest recall in United States history and has received extensive media coverage.

2. The parties agree that the requirements for transfer for consolidation or coordination set forth in 28 U.S.C. § 1407 are met and that transfer will ensure the just and efficient conduct of this litigation.

3. Defendants believe that transfer is necessary in order to avoid conflicting pretrial rulings particularly relating to class certification.

4. The Northern District of Illinois is the most appropriate forum for this litigation because: (1) this court is the most centrally located district court as cases are filed from coast to coast; (2) the court is located in a major metropolitan city and is easily accessible through two large airports including one international airport; (3) the court is geographically close to, and easily accessible from both airports through Chicago's rail system; (4) the court possesses seasoned judges with considerable MDL experience; and (5) the court possesses the necessary technological and logistical resources, familiarity with large scale MDL proceedings, and experienced judges and courtroom staff.

5. Defendants believe that these cases shall be assigned to the Honorable Judge Wayne R. Anderson, who is currently assigned to one of the first filed cases, *Majerczyk v. Menu*

*Foods*, case number 1:07-cv-05143, which was filed on March 20, 2007.

WHEREFORE, Defendants respectfully request that the Panel enter an order transferring the Pet Food Product Liability Lawsuits, as well as any similar or related actions that might later be filed, to the United States District Court for the Norther District of Illinois, Eastern Division.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED

By: _____
Edward B. Ruff, III

Counsel for Menu Foods

Edward B. Ruff, III
Pretzel & Stouffer, Chartered
1 South Wacker Drive, Suite 2500
Chicago, Illinois 60606

David L. Lillehaug
Fredrickson & Byron, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, Minnesota 55402-1425