# Exhibit A

Dockets.Justia.com

**FILED**

APR 2 4 2007

APR. 24, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONJA FOXE, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) JURY TRIAL DEMANDED ) |
| v. | ) ) |
| MENU FOODS, INC., MENU FOODS INCOME FUND, SAFEWAY INC. and JOHN DOES 1 through 100, | ) 07CV2237 ) JUDGE ST EVE ) MAG. JUDGE BROWN ) ) |
| Defendants. | ) ) |

## CLASS ACTION COMPLAINT

Plaintiff, Sonja Foxe, through her attorney, John H. Alexander & Associates, LLC, on behalf of herself and all others similarly situated, complains against Defendants, upon personal knowledge as to herself, and as to all other matters upon information and belief based upon, among other things, the investigation made by her attorneys, as follows:

### INTRODUCTION

1. This is a consumer class action seeking redress for thousands of consumers who purchased pet food products made by Defendant, Menu Foods Income Fund, and marketed and sold by Defendant Safeway Inc.

2. Many consumers, like Plaintiff, have pets who have died, or suffered kidney failure or other injury from eating Defendant's pet food.

## PARTIES

3. Plaintiff, Sonja Foxe, is a citizen of the State of Illinois and resides in the Northern District of Illinois. Plaintiff purchased Defendant's pet food products, including but not limited to Priority "cuts and gravy" wet cat food in 22 oz., 13.2 oz. and 5.5 oz. cans and 5.3 oz. and 3 oz. foil pouches in the beef and tuna flavor from a Dominick's grocery store, a subsidiary of Safeway Inc.; Plaintiff's cat, Mojo, developed kidney failure and had to be put to sleep as a result of eating the Defendants' pet food at issue.

4. Defendants, Menu Foods Income Fund and Menu Foods, Inc. (collectively, the "Menu Foods Defendants"), manufactured the pet food at issue in this action for the other co-Defendants in this action and for a host of other makers, marketers and sellers of pet food including popular brands. Menu Foods Income Fund claims to be the leading North American private-label manufacturer of so-called wet pet food products sold by supermarket retailers, mass merchandisers, pet specialty retailers and other retail and wholesale outlets. In 2006, the Fund produced more than one billion containers.

5. Defendant, Safeway Inc. owns several subsidiary companies including Dominick's grocery store, and is a corporation organized, existing and doing business under and by virtue of the laws of the State of Delaware, with its principal place of business located at 5918 Stoneridge Mall Road, Pleasanton, California 94588.

6. Defendant, Safeway Inc. and its affiliated companies within their control caused their brands of the consumer products at issue, including Priority US brand "cuts and gravy" wet cat food, to be manufactured, and marketed, distributed and sold to consumers including Plaintiff and the Class, in Illinois and throughout the United States.[1]

---

[1] The actions attributable to Safeway Inc. herein are only with respect to the products purchased by the Class that were distributed, sold, and/or marketed by Safeway Inc.

7. The true names and capacities of the Defendants sued in this Complaint as Does 1-100, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Each of the Defendants designated herein as a Doe Defendant is legally responsible in some manner for unlawful acts referred to in this Complaint. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Doe Defendants when such identities become known.

## JURISDICTION AND VENUE

8.  Plaintiff submits to the jurisdiction of the Court. Defendants, or one or more of them, systematically and continually do business in this District and in the State of Illinois. Transactions giving rise, in part, to Plaintiff's action occurred in this District.

9.  Plaintiff reasonably believes that millions of units of the pet food products at issue have been purchased by Plaintiff and the Class; the total amount at issue in this case exceeds $5,000,000.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 (d)(2).

## STATEMENT OF FACTS

11.  Defendant, Menu Foods Income Fund, announced, on March 16, 2007, the recall of "cuts and gravy" style pet food in cans and pouches, which it manufactured between November 6, 2006 and March 6, 2007, at two of its United States facilities, under private-label for a large variety of pet food brands purchased by Plaintiff and the other Plaintiff Class members, including designated Priority US pet food products – herein, the pet food products at issue or products at issue.

12.  Defendant, Menu Foods Income Fund has announced that the timing of this production coincides with the introduction of an ingredient from a new supplier. The Menu Foods Defendants have received complaints about the impact on the renal health of the pets consuming the products at issue manufactured during this time period.

13.  Defendants, Safeway Inc., similarly announced a voluntary recall in the United States and Canada on specific 3 oz., 5.5 oz., 6 oz. and 13.2 oz. canned and 3 oz. and 5.3 oz. foil pouch "wet" cat food products, manufactured by Defendant, Menu Foods Inc.'s Emporia, Kansas plant with the code dates of 6339 through 7073 followed by the plant code 4197.

14.  In November 2006, Plaintiff purchased pet food products at issue, including, without limitation, pouches and cans of Priority US brand "cuts and gravy" wet cat food

in the beef and tuna flavor from a Chicago Dominick's grocery store, a subsidiary of Safeway Inc.

15. Plaintiff's pet cat, Mojo, throughout November of 2006, ate one or more of said products that Plaintiff purchased, but Mojo immediately regurgitated portions of the product and progressively developed lethargy, weight loss, and loss of appetite. Thereafter, veterinary tests revealed acute renal and kidney failure for Mojo, caused by eating Defendant's pet food product. On November 28, 2006, Mojo was put to sleep because of his deteriorating heath.

16. To date, Plaintiff has incurred veterinarian expenses for Mojo, arising out of his consumption of Defendant's pet food products at issue, approximately in excess of six hundred dollars ($600.00).

17. Defendant, Safeway Inc has admitted that cats and dogs in the United States have become sick and developed signs of kidney failure, including loss of appetite, vomiting, and lethargy from consuming its pet foods at issue, and has advised consumers to stop using the affected products immediately and seek assistance of a veterinarian where appropriate.

18. The pet food products at issue are defectively designed and made, and are poisonous or unreasonably dangerous to pets; due to the ingredient composition of said products, the products are not usable for their intended purposes, and when used, cause a significant risk of bodily harm, including severe or fatal bodily harm (such a renal or kidney failure, or death) to the pet.

19. Said defect and inherent dangers existed in the pet food products at issue at the time Plaintiff and the Class purchased said products, though they could not discover

same at the time of purchase, the dangers inherent in the products at the time the products left the possession of the manufacturer, distributor, marketer and seller of said products.

20.     Defendants had a duty to design, manufacture, distribute, market and sell a safe product, and a duty to warn or disclaim any potential dangers which derive from unreasonable dangers posed by the product.

## CLASS ALLEGATIONS

21.     Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all persons and entities who purchased the pet products at issue, defined herein as "cuts and gravy" style pet food in can or pouch, manufactured by Menu Foods Income Fund or Menu Foods, Inc., between November 6, 2006 and March 6, 2007, including products ultimately sold or marketed by Safeway Inc. and other pet food brands. Excluded from the Class are the officers and employees of each of the Defendants, Plaintiff's counsel, and any judges or justices presiding over this action.

22.     Plaintiff also brings this action on behalf of a Subclass of all persons and entities who purchased pet products at issue caused to be distributed, marketed and/or sold by Safeway Inc. – herein, the "Safeway Subclass."

23.     Plaintiff also brings this action on behalf of a Subclass of all persons and entities who purchased pet products at issue caused to be distributed, marketed and/or sold in the State of Illinois – the "Illinois Subclass."

24.     Plaintiff has met the requirements of Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.

25. Plaintiff does not know the exact size of the Class and Subclasses, since this information is largely in Defendants' exclusive control. But based on the nature of the trade and commerce involved, Plaintiff believes that the Class and Subclass each numbers at least in the thousands and that the members of each class are geographically dispersed throughout the State of Illinois, or alternatively, throughout the U.S. including in Illinois. Therefore, joinder of the members of the Class or each Subclass would be impracticable, and class treatment is the superior method for fairly and efficiently adjudicating this controversy.

26. Plaintiff's claims are typical of other Class and Subclass members' claims because all Class and Subclass members were injured through the uniform misconduct described herein.

27. Common legal and factual questions among and within the respective classes exist, such as:

   a. Whether the respective Defendants caused to be manufactured, distributed, marketed, and sold, the pet food products at issue;

   b. Whether the pet food products at issue are unreasonably dangerous, unfit for pet consumption, and/or not as represented by Safeway Inc.; and

   c. Whether Defendants' conduct caused injury in fact to Plaintiff and the members of the Plaintiff Class.

28. Plaintiff can and will fairly and adequately represent and protect the respective Plaintiff Class (including Subclass) members' interests, and has no interests that conflict with or are antagonistic to the Plaintiff Class (or Subclass) members' interests. Plaintiff's attorney is experienced and competent in class action litigation.

29.  Class certification of the respective, alternative classes is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted given that:

  a.  Common questions of law and fact overwhelmingly predominate over any individual questions that may arise among or within the respective classes and, consequently, enormous economies to the court and parties exist in litigating the common issues, for each class, on a class-wide basis instead of on a repetitive individual basis;

  b.  Class treatment is required for optimal deterrence against, and compensation for, Defendants' wrongful conduct alleged herein; and

  c.  The aggregate volume of the claims of the Plaintiff Class and each Subclass, whether considered in a national class or, alternatively, in a Illinois class, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation, and no unusual difficulties are likely to be encountered in this class action's management in that all legal and factual questions are common to each class.

30.  Plaintiff's claims are typical of the other Plaintiff Class and Subclass members' claims because Defendants injured Plaintiff and the respective Class and Subclass members in the same manner.

31.  Class certification is appropriate pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure because prosecution of separate actions would create a risk of adjudication with respect to individual members of the respective classes, which may, as a practical matter, dispose of other class members' interests who aren't parties to the adjudication or which may substantially impair or impede individual class members' ability to protect their interests.  Separate actions prosecuted by individual class members

would also create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

32.  Class certification, whether as a national Class, Safeway Subclass and Illinois Subclass, or alternative as a single Illinois Class, is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the respective Plaintiff Class and Subclass members.

## CAUSES OF ACTION

33.  The preceding paragraphs are incorporated into each of the following causes of action as it set forth in full.

### FIRST CAUSE OF ACTION – UNFAIR TRADE PRACTICE
(Safeway Inc. Subclass and Illinois Subclass Only)

34.  Defendants, Safeway Inc., misrepresented, on the packaging of pet food products at issue which they caused to be marketed and sold to Plaintiff and other members of the Safeway Subclass, that said products were, indeed, pet food, were suitable for consumption by pets.

35.  Said representations on the product packaging, prominently marketed to retail store isles, are advertisements, announcements, statements or representations containing assertions, representations or statements of fact which are untrue, deceptive and/or misleading, in violation of 815 ILCS 510/2 and similar state statutes.

36.  In fact, said products are not suitable for consumption by pets, are not properly considered or presented as pet food, are not fit for their intended purpose, are dangerous to the health of the pet and could lead to the pet's substantial physical injury or death, are really pet food imitations, and contain an ingredient composition that causes the preceding allegations in this paragraph to be true.

37. Safeway Inc. caused the above-mentioned statements and misrepresentations to be featured on the packaging of their products at issue, which Plaintiff and other members of the Safeway Subclass viewed at the time of purchase, with the intent to increase the consumption of, the sale of, or to induce the public to purchase, of their Priority US pet products at issue.

38. Absent Defendant's untrue, deceptive, or misleading statements and representations, Plaintiff and the other members of Safeway Subclass would have acted differently. For instance, they would not have been induced to purchase, nor would they have purchased, the Priority US pet products at issue.

39. Defendant's above-described statements and misrepresentations about the Priority US pet products at issue have the capacity or tendency to deceive or mislead, and in fact proximately caused damage to Plaintiff and the other members of the Safeway Subclass by inducing them to buy a product they otherwise would not have bought.

40. Because of Defendants' untrue, deceptive, or misleading statements and misrepresentations, Plaintiff and the other members of the Safeway Subclass have suffered pecuniary loss.

## SECOND CAUSE OF ACTION – NEGLIGENCE

41. The Menu Foods Defendants designed and manufactured the pet products at issue.

42. Defendant, Safeway Inc., distributed, marketed and sold those pet products at issue that were sold under their brand name, e.g., Priority.

43. Each of the Defendants breached their respective duties and duties of care, e.g., in designing, manufacturing, distributing and selling pet products at issue that are

reasonably safe for their intended purposes and so as not to injure users of the products, especially when the products are used in the same manner prescribed by the maker, designer, distributor or seller, as well as their respective aforementioned duties (*see* ¶¶ 18-20, *supra.*)

44. Defendants' respective breaches of the aforementioned duties in the course of making, distributing, marketing and selling the pet products at issue to Plaintiff and the Class caused each of them actual and proximate damage. Plaintiff and the Class, who purchased said pet products at issue, were damaged as a result thereof.

## THIRD CAUSE OF ACTION – STRICT LIABILITY

45. Each of the Defendants proximately caused pet products at issue to be placed into the stream of commerce and purchased by Plaintiff and other members of the Class.

46. The Defendants breached their aforementioned duties to Plaintiff and the Class, ¶¶ 18-20 *supra*. Plaintiff and the Class were damaged as a result.

## FOURTH CAUSE OF ACTION – UNJUST ENRICHMENT

47. The revenues and profits flowing to each of the Defendants from the sale of the pet products at issue inured to the benefit of the Defendants and each of them.

48. Alternatively, as a result of the Defendants' deceptive and unfair practices outlined above, Plaintiff and other members of the Safeway Subclass and Illinois Subclass purchased pet food products at issue, which were less than the product advertised and represented and which were not for their ordinary and intended purpose.

49. The untrue, deceptive, and misleading sales and marketing practices described in this Complaint have enriched each of the Defendants at the expense of Plaintiff and the putative Class members.

50. Plaintiff and other members of the Class are entitled to restitution, and disgorgement of each of the Defendants' ill-gotten gains, as a result of the Defendants' unjust enrichment.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all matters so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in the respective Class members' favor and against Defendants, as follows:

A. That this Court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, certify the Class, the Illinois Subclass, and the Safeway Subclass, appoint Plaintiff as representative of the Class and the Subclasses, and appoint Plaintiff's counsel as class counsel of same.

B. That this Court rule that each of the Defendants violated the applicable laws, and are therefore liable under said laws as alleged above;

C. That this Court award appropriate damages, including double damages where appropriate, interest, and injunctive relief to Plaintiff and the Class (including each Subclass);

D. That this Court determine that the Defendants were unjustly enriched and that restitution is appropriate;

E. That this Court require each Defendant to account for all revenues or profits improperly received as a result of the aforementioned conduct, enjoin each Defendant from dispersing said monies, and impose a constructive trust on said monies.

F. That this Court award Plaintiff's counsel reasonable attorneys' fees and costs; and

G. That this Court order any other relief as it deems just and proper.

Dated: April 17, 2007

Respectfully submitted,

SONJA FOXE, on behalf of
herself and all others similarly situated

By: _____*John H. Alexander*_____

John H. Alexander
John H. Alexander & Associates, LLC
100 W. Monroe, Suite 2100
Chicago, IL 60602
(312) 263-7731