# EXHIBIT E

Dockets.Justia.com

**MDL 1850**

BEFORE THE JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 0 2007

FILED
CLERK'S OFFICE

|  |  |
|---|---|
| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) | MDL Docket No. 1850 |

RESPONSE OF PLAINTIFFS
JARED WORKMAN, MARK AND MONA COHEN, AND PEGGY SCHNEIDER IN
RESPONSE TO 3 MOTIONS FOR TRANSFER AND CENTRALIZATION
OF ALL PET FOOD PRODUCTS LIABILITY LITIGATION

Plaintiffs Jared Workman, Mark and Mona Cohen, and Peggy Schneider (the "Workman Group"), plaintiffs in two cases currently pending in the District Court for the District of New Jersey,[1] hereby respond to:

Motion of Plaintiff Shirley Sexton For Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 in the **Central District of California**, filed on March 26, 2007;

Motion of Florida Plaintiff Christina Troiano To Transfer and Coordinate or Consolidate Actions Under 28 U.S.C. § 1407 in the **Southern District of Florida**, filed on March 28, 2007; and

Motion of Plaintiffs Tom Whaley et al. For Transfer and Consolidation of Related Actions To The **Western District of Washington** Pursuant to 28 U.S.C. § 1407, filed on March 29, 2007.

In these three Motions, certain plaintiffs have moved the Judicial Panel on Multidistrict Litigation to take jurisdiction over 24 or more actions and transfer them to one of three United States District Courts: the Central District of California, the Southern District of Florida or the Western District of

---

[1]The cases are Workman, et al. v. Menu Foods Limited, et al., No. 07-cv-1338 (D. N.J.), filed March 22, 2007, assigned to the Honorable Noel L. Hillman; and Schneider v. Menu Foods Limited, et al., No. 07-cv-1533 (D. N.J.), filed April 2, 2007, assigned to the Honorable Noel L. Hillman. The Schneider action was filed after the three Motions For Transfer and Consolidation were filed and is attached hereto as Exhibit A.

414921

**OFFICIAL FILE COPY**

IMAGED APR 1 3 2007

Washington, for consolidated and coordinated pretrial proceedings in a single forum. The Workman Group submits that these actions should be consolidated and transferred to the District Court for the District of New Jersey.

Accompanying this Response is the Memorandum of Plaintiffs Jared Workman, Mark and Monah Cohen, and Peggy Schneider in Opposition to 3 Motions for Transfer and Coordination, and for the Transfer and Centralization of All Pet Food Products Liability Litigation in the District of New Jersey. The Workman Group's specific responses to the averments made in each of the three Motion are as follows:

<u>Response of Plaintiffs Jared Workman, Mark and Monah Cohen, and Peggy Schneider to Motion of Plaintiff Shirley Sexton For Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 in the Central District of California, filed on March 26, 2007</u>

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Denied. The Workman Group believes that the District Court for the District of new Jersey is the most suitable transferee forum for all of the reasons set forth in the accompanying Memorandum filed herewith, including the facts, <u>inter alia</u> that the District of New Jersey: (1) has

the strongest nexus to the litigation because one of the implicated manufacturing facilities is physically located in the District of New Jersey (in Pennsauken, New Jersey) and is incorporated under New Jersey law (under the name Menu Foods Inc.); (2) is the forum closest to critical witnesses and relevant documents which are located at defendants' manufacturing facility located in Pennsauken, New Jersey; (3) has more related complaints on file (seven) than any other district; (4) has more named plaintiffs in the complaints on file than in any other district; (5) has the expertise, experience, and resources to handle this complex case; and (6) is a forum where the federal government is currently conducting an investigation.

<u>Response of Plaintiffs Jared Workman, Mark and Monah Cohen, and Peggy Schneider to Motion of Florida Plaintiff Christina Trojano To Transfer and Coordinate or Consolidate Actions Under 28 U.S.C. § 1407 in the Southern District of Florida, filed on March 28, 2007.</u>

1.    Admitted.

2.    Denied in part. Movant state that she was aware of six related pending class actions at the time she filed her Motion. Since that date, other related actions have been filed. A complete list of all related actions filed to date is attached hereto as Exhibit B.

3.    Denied in part. Movant states that she has listed all related actions of which she was aware at the time of filing in their Rule 7.2(a)(ii) Schedule of Actions. Since that date, other related actions have been filed. A complete list of all related actions filed to date is attached hereto as Exhibit B.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.      Admitted.

9.      Denied. The Workman Group believes that the District Court for the District of new Jersey is the most suitable transferee forum for all of the reasons set forth in the accompanying Memorandum filed herewith, including the facts, inter alia that the District of New Jersey: (1) has the strongest nexus to the litigation because one of the implicated manufacturing facilities is physically located in the District of New Jersey (in Pennsauken, New Jersey) and is incorporated under New Jersey law (under the name Menu Foods Inc.); (2)  is the forum closest to critical witnesses and relevant documents which are located at defendants' manufacturing facility located in Pennsauken, New Jersey; (3) has more related complaints on file (seven) than any other district; (4) has more named plaintiffs in the complaints on file than in any other district; (5) has the expertise, experience, and resources to handle this complex case; and (6) is a forum where the federal government is currently conducting an investigation.

10.     Admitted.

11.     Admitted.

12.     Denied. The District of New Jersey has the expertise, experience, and resources to handle this complex litigation.

13.     Denied. For all of the reasons set forth in the accompanying Memorandum filed herewith, plaintiffs and the class would be better served by having the consolidated case transferred to the District of New Jersey.

Response of Plaintiffs Jared Workman, Mark and Monah Cohen, and Peggy Schneider to Motion of Plaintiffs Tom Whaley et al. For Transfer and Consolidation of Related Actions To The Western District of Washington Pursuant to 28 U.S.C. § 1407, filed on March 29, 2007.

1.      Admitted.

2.      Denied in part.  Movants stated that they were aware of eight related pending class actions on file outside the Western District of Washington at the time they filed their Motion.  Since that date, other related actions have been filed outside the Western District of Washington.  A complete list of all related actions filed to date is attached hereto as Exhibit B.

3.      Denied.  The Workman Group believes that the District Court for the District of new Jersey is the most suitable transferee forum for all of the reasons set forth in the accompanying Memorandum filed herewith, including the facts, inter alia that the District of New Jersey: (1) has the strongest nexus to the litigation because one of the implicated manufacturing facilities is physically located in the District of New Jersey (in Pennsauken, New Jersey) and is incorporated under New Jersey law (under the name Menu Foods Inc.); (2)  is the forum closest to critical witnesses and relevant documents which are located at defendants' manufacturing facility located in Pennsauken, New Jersey; (3) has more related complaints on file (seven) than any other district; (4) has more named plaintiffs in the complaints on file than in any other district; (5) has the expertise, experience, and resources to handle this complex case; and (6) is a forum where the federal government is currently conducting an investigation.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Denied. For all of the reasons set forth in the accompanying Memorandum filed herewith, plaintiffs and the class would be better served by having the consolidated case transferred to the District of New Jersey.

8.      Denied in part. The District of New Jersey has the expertise, experience, and

414921                                    5

resources to handle this complex litigation as well.

9.    Admitted.

WHEREFORE, the Workman Group respectfully requests the Judicial Panel on Multidistrict Litigation to take jurisdiction over the eleven or more pending private actions and any future "tag-along" actions and transfer them to the United States District Court for the District of New Jersey for consolidation and coordination under 28 U.S.C. §1407.

Dated: April 9, 2007                              Respectfully Submitted,

                                                 BERGER & MONTAGUE, P.C.

                                                 *Sherrie L. Savett*

                                                 Sherrie R. Savett, Esquire (No: 17646)
                                                 Michael T. Fantini, Esquire (No: 57192)
                                                 Russell D. Paul (No. 71220)
                                                 1622 Locust Street
                                                 Philadelphia, PA  19103
                                                 (215)875-3000

                                                 Robert A. Rovner, Esquire (No: 02322)
                                                 ROVNER, ALLEN, ROVNER, ZIMMERMAN
                                                   & NASH
                                                 175 Bustleton Pike
                                                 Feasterville, PA  19053
                                                 (215)698-1800

                                                 *Counsel for Plaintiffs Jared Workman, Mark
                                                 and Mona Cohen, and Peggy Schneider*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

APR 1 0 2007

FILED
CLERK'S OFFICE

```
                                    )
                                    )
IN RE: PET FOOD PRODUCTS LIABILITY  )        MDL Docket No. 1850
LITIGATION                          )
                                    )
                                    )
```

### PROOF OF SERVICE

Pursuant to Rule 5.2 of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, and the Federal Rules of Civil Procedure, I hereby certify that on April 9, 2007, I

caused a copy of (i) Response of **Plaintiffs Jared Workman, Mark and Mona Cohen and**

**Peggy Schneider to 3 Motions For Transfer and Centralization of all Pet Food Products**

**Liability Litigation under 28 U.S.C. § 1407,** (ii) **Plaintiffs' Memorandum of Law in**

**Response to 3 Motions for Transfer and Cetralization and for the Transfer and**

**Consolidation of all Pet Food Products Liability Litigation to the District of New Jersey**

**Under 28 U.S.C. § 1407,** and (iii) **Proof of Service** to be served via U.S. Mail on all parties on

the accompanying Service List including the Clerk of each district court where an affected action

is pending.

I further certify that on April 9, 2007 I caused the original and four copies of the above

documents, along with computer generated disk, to be sent via UPS Overnight Mail for filing

with the clerk of the Judicial Panel on Multidistrict Litigation.

Dated: April 9, 2007

_____
Russell D. Paul

414807

# SERVICE LIST

**DEFENDANTS**

Menu Foods
8 Falconer Drive
Streetsville, ON
Canada L5N 1B1

Menu Foods Income Fund
8 Falconer Drive
Streetsville, ON
Canada L5N 1B1

Menu Foods, Inc.
c/o The Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628

The Iams Company
One Proctor & Gamble Plaza C-2
Cincinnati, Ohio 45202

Menu Foods Midwest Corporation
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Menus Foods South Dakota, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Menu Foods Holdings, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Menu Foods Gen Par Limited
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Menu Foods Limited Partnership
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Menu Foods Operating Partnership
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Wal-Mart Stores, Inc.
c/o The Corporation Company
425 W. Capitol Ave., Ste. 1700
Little Rock, AR 72201

## OTHER PLAINTIFFS COUNSEL IN THESE ACTIONS

**Counsel for Plaintiffs in the *Sims* Action:**

Jason M. Hatfield
LUNDY & DAVIS LLP
330 North College Ave., Suite 309
Fayetteville, AR 72701
Tel: (479) 527-3921
Fax: (479) 587-9196
Email: jhatfield@lundydavis.com

**Counsel for Plaintiffs in the *Scott, et al.* Action:**

Jeremy Young Hutchinson
PATTON, ROBERTS, McWILLIAMS & CAPSHAW
111 Center Street, Suite 1315
Little Rock, AR 72201
Tel: (501) 372-3480
Fax: (501) 372-3488

2

Email: jhutchinson@pattonroberts.com

Richard Adams
PATTON, ROBERTS, McWILLIAMS & CAPSHAW
Century Bank Plaza, Suite 400
P.O. Box 6128
Texarkana, TX 75505-6128

**Counsel for Plaintiffs in the *Workman, et al.* and *Schneider* Action:**

Donna Siegel Moffa
TRUJILLO, RODRIGUEZ & RICHARDS LLP
8 Kings Highway West
Haddonfield, NJ 08033
Tel: (856) 795-9002
Email: donna@trrlaw.com

Sherrie R. Savett
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19102
Tel: (215) 875-3071
Fax: (215) 875-5715
Email: ssavett@berger.net

**Counsel for Plaintiff in the *Troiano* Action:**

Paul J. Geller
LERACH COUGLIN STOIA GELLER RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Tel: (561) 750-3000
Fax: (561) 750-3364
Email: pgeller@lerachlaw.com

Lawrence Kopelman
KOPELMAN & BLANKMAN
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL 33301
Tel: (954) 462-6899

**Counsel for Plaintiffs in the *Holt* Action:**

A. James Andrews
Nicole Bass
905 Locust Street
Knoxville, TN 37902
Tel: (865) 660-3993
Fax: (865) 523-4623
Email: andrewsesq@icx.net

Perry A. Craft
CRAFT & SHEPPARD
214 Centerview Dr., Suite 233
Brentwood, TN 37027
Tel: (615) 309-1707
Fax: (615) 309-1717
Email: perrycraft@craftsheppardlaw.com

**Counsel for Plaintiff in the *Whaley, Heller, et al. and Kornelius, et al.* Actions:**

Michael David Myers
MYERS & COMPANY
1809 7th Avenue, Suite 700
Seattle, WA 98101
Tel: (206) 398-1188
Fax: (206) 398-1189
Email: mmyers@myers-company.com

**Counsel for Plaintiff in the *Majerczyk* Action:**

Jay Edelson
BLIM & EDELSON, LLC
53 West Jackson Blvd., Suite 1642
Chicago, IL 60604
Tel: (312) 913-9400
Email: jay@blimlaw.com

**Counsel for Plaintiffs in the *Suggett, et al.* Action:**

Adam R. Karp, Esq.
ANIMAL LAW OFFICES
114 W. Magnolia St., Suite 425
Bellingham, WA 98225

Tel: (360) 392-3936
Email: adam@animal-lawyer.com
**Counsel for Plaintiff in the *Osborn* Action:**

Bruce E. Newman
NEWMAN, CREED & ASSOCIATES
99 North Street, Route 6
P.O. Box 575
Bristol, CT   06011-0575
Tel: (860) 583-5200

**Counsel for Plaintiff in the *Johnson, et al.* Action:**

Phillip H. Gordon
GORDON LAW OFFICES
623 West Hays Street
Boise, ID 83702
Tel: (208) 345-7100
Email: pgordon@gordonlawoffices.com

**Counsel for Plaintiff in the *Sexton* Action:**

Mark J. Tamblyn
WEXLER TORISEVA WALLACE LLP
1610 Arden Way, Suite 290
Sacramento, CA 95815

Stuart C. Talley
KERSHAW, CUTTER & RATINOFF, LLP
980 9th Street, 19th Floor
Sacramento, CA 95814

**Counsel for Plaintiffs in the *Widen, et al.* Action**

Jeremy Young Hutchinson
PATTON, ROBERTS, McWILLAIMS & CAPSHAW
111 Center Street, Suite 1315
Little Rock AR 72201
Tel: (501) 372-3480
Fax: (501) 372-3488
Email: jhutchinson@pattonroberts.com

**Counsel for Plaintiff in the *Ingles* Action:**

Paul J. Geller
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000
Fax: (561) 750-3364
Email: pgeller@lerachlaw.com

**Counsel for Plaintiffs in the *Waldhauer, et al.* Action:**

Debra Lynn Waldhauer
Satoru Waldhauer
159 N. Audrey Circle NW
Fort Walton Beach, FL 32548
Tel: (850) 243-8974

**Counsel for Plaintiff in the *Brazilian* Action:**

Michael R. Bosse
BERNSTEIN, SHUR
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
Tel: (207) 774-1200
Email: mbosse@bernsteinshur.com

**Counsel for Plaintiffs in the *Bonier, et al.* Action:**

Michael A. Ferrara, Jr.
THE FERRARA LAW FIRM
601 Longwood Avenue
Cherry Hill, NJ 08002
Tel: (856) 779-9500
Email: mferrara@ferraralawfirm.com

**Counsel for Plaintiff in the *Richard, et al.* Action:**

Allyn Zissel Lite
LITE, DEPALMA, DREENBERG & RIVAS, LLC
Two Gateway Center
12th Floor

6

Newark, NJ 07102-5003
Tel: (973) 623-3000
Email: alite@ldgrlaw.com

**Counsel for Plaintiffs in the *Thomson, et al.* Action:**

Gregg D. Trautman
TRAUTMAN & ASSOCIATES, LLC
262 East Main Street
Rockaway, NJ 07866
Tel: (973) 316-8100
Email: gdt@trautmann.com

**Counsel for Plaintiff in the *Tinker* Action:**

Alan E. Sash
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Tel: (212) 448-1100
Fax: (212) 448-0066

**Counsel for Plaintiff in the *Wilson* Action:**

Joseph J. DePalma
LITE, DEPALMA, GREENBERG & RIVAS, LLC
Two Gateway Center
12th Floor
Newark, NJ 07102-5003
Tel: (973) 623-3000
Email: jdepalma@ldgrlaw.com

**Counsel for Plaintiff in the *Brown* Action:**

Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908
Tel: (401) 831- 7730
Fax: (401) 861-6064
Email: pnwlaw@aol.com

**Counsel for Plaintiff in the *Light* Action:**

Robert R. Kurtz
STANLEY & KURTZ, PLLC
422 S. Gay Street
Third Floor
Knoxville, TN 37902
Tel: (865) 522-9942
Fax: (865) 522-9945
Email: rkurtz@lock-net.com

**Counsel for Plaintiffs in the *Heller* Action:**

Steven W. Berman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 5th Avenue
Suite 2900
Seattle, WA 98101
Tel: (206) 623-7292
Email: steve@hbsslaw.com

**Counsel for Plaintiff in the *Carter* Action:**

William J. Pinilis
KAPLAN FOX & KILSHEIMER LLP
237 South Street
Morristown, NJ 07962
Tel: (973) 401-1111
Email: wpinilis@kaplanfox.com

**Counsel for Plaintiff in the *Golding* Action:**

Joseph J. Depalma
LITE, DEPALMA, GREENBERG & RIVAS, LLC
Two Gateway Center
12th Floor
Newark, NJ 07102-5003
Tel: (973) 623-3000
Email: jdepalma@ldgrlaw.com

**Counsel for Plaintiff in the *Gagliardi* Action:**

Joseph J. Depalma
LITE, DEPALMA, GREENBERG & RIVAS, LLC
Two Gateway Center
12th Floor
Newark, NJ 07102-5003
Tel: (973) 623-3000
Email: jdepalma@ldgrlaw.com

**Counsel for Plaintiff in the *Turturro* Action:**

Joseph J. Depalma
LITE, DEPALMA, GREENBERG & RIVAS, LLC
Two Gateway Center
12th Floor
Newark, NJ 07102-5003
Tel: (973) 623-3000
Email: jdepalma@ldgrlaw.com

**Counsel for Plaintiff in the *Hidalgo* Action:**

Joseph J. Depalma
LITE, DEPALMA, GREENBERG & RIVAS, LLC
Two Gateway Center
12th Floor
Newark, NJ 07102-5003
Tel: (973) 623-3000
Email: jdepalma@ldgrlaw.com

**Counsel for Plaintiff in the *Nunez* Action:**

Joseph J. Depalma
LITE, DEPALMA, GREENBERG & RIVAS, LLC
Two Gateway Center
12th Floor
Newark, NJ 07102-5003
Tel: (973) 623-3000
Email: jdepalma@ldgrlaw.com

9

**Counsel for Plaintiff in the *Streczyn* Action:**

Brian O. O'Mara
O'MARA LAW FIRM, P.C.
311 E. Liberty Street
Reno, NV 89501
Tel: (775) 323-1321
Fax: (775) 4082
Email: brian@omaralaw.net

**Counsel for Plaintiff in the *Howe* Action:**

Sabrina S. Kim
MILERG WEISS BERSHAD AND SCHULMAN
One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
Tel. (213) 617-1200
Email: skim@milbergweiss.com

Jeff S. Westerman
MILERG WEISS BERSHAD AND SCHULMAN
One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
Tel. (213) 617-1200
Fax. (213) 617-1975

**Counsel for Plaintiff in the *Paul Randolph Johnson, et al.* Action:**

Robert M. Churella
KIRTLAND & PACKARD
2361 Rosecrans Ave., 4th Fl.
El Segundo, CA 90245
Tel. (305) 536-1000
Email: rmc@kirtlandpackard.com

**Counsel for Plaintiff in the *Osborne* Action:**

Bruce E. Newman
NEWMAN, CREED & ASSOCIATES
P.O. Box 575
Bristol, CT 06011-0575

10

Tel. (860) 583-5200
Fax (860) 582-0012
Email: bnewman@newmancreedlaw.com

**Counsel for Plaintiff in the *Jacqueline Johnson* Action:**

Frank Jablonski
PROGRESSIVE LAW GROUP, LLC
354 West Main Street
Madison, WI  53703
Tel. (608) 258-8511

Larry D. Drury
LARRY D. DRURY LTD.
205 W. Randolph Street, Suite 1430
Chicago, IL 60606
Tel. (312) 346-7950

**Counsel for Plaintiff in the *Gregory Boehm* Action:**

Nicole Dorsky
BENESCH, FRIEDLANDER, COPLAN & ARONOFF - CLEVELAND
2300 BP Tower
200 Public Square
Cleveland, OH 44114
Tel. (216) 363-4593
Fax. (216) 363-4588
Email: ndorsky@bfca.com

Jeremy Gilman
BENESCH, FRIEDLANDER, COPLAN & ARONOFF
2300 BP America Bldg.
200 Public Square
Cleveland, OH 44114-2378
Tel. (216) 363-4565
Fax. (216) 363-4588
Email: jgilman@bfca.com

Dennis E. Murray, Sr.
MURRAY & MURRAY
111 East Shoreline Drive
P.O. Box 19
Sandusky, OH 44871-0019

11

Tel. (419) 624-3000
Fax. (419) 624-0707
Email: dms@murrayandmurray.com

John T. Murray
MURRAY & MURRAY
111 East Shoreline Drive
P.O. Box 19
Sandusky, OH 44871-0019
Tel. (419) 624-3000
Fax. (419) 624-0707
Email: jotm@murrayandmurray.com

Leslie O. Murray
MURRAY & MURRAY
111 East Shoreline Drive
P.O. Box 19
Sandusky, OH 44871-0019
Tel. (419) 624-3135
Fax. (419) 624-0707
Email: leslie@murrayandmurray.com


**Counsel for Plaintiff in the *Klimes et al.* Action:**

Phillip Howard Gordon
GORDON LAW OFFICES
623 W Hays
Boise, ID 83702-5512
Tel. (208) 345-7100
Fax. (208) 345-0050
pgordon@gordonlawoffices.com

Mick Hodges
PETERSON HODGES & HARPER
P.O. Box 3088
Twin Falls, ID 83303-5298
Tel. (208) 733-5500
mick76hodges@aol.com

**Counsel for Plaintiff in the *Berndl et al.* Action:**

Michael A. Ferrara, Jr.

12

THE FERRARA LAW FIRM
601 Longwood Avenue
Cherry Hill, NJ 08002
Tel. (856) 779-9500
Email: mferrara@ferraralawfirm.com

**Counsel for Plaintiff in the *Pittsonberger* Action:**

Gary S. Graifman
KANTROWITZ, GOLDHAMER &
GRAIFMAN, ESQ.
210 Summit Avenue
Montvale, NJ 07645
Tel. (201) 391-7000
ggraifman@kgglaw.com

**Counsel for Plaintiff in the *Carter* Action:**

William J. Pinilis
KAPLAN FOX & KILSHEIMER LLP
237 South Street
Morristown, NJ 07962
Tel. (973) 401-1111
Email: wpinilis@kaplanfox.com

**Counsel for Plaintiff in the *Schnieder* Action:**

Donna Siegel Moffa
TRUJILLO, RODRIGUEZ & RICHARDS, LLP
8 Kings Highway West
Haddonfield, NJ 08033
Tel. (856) 795-9002
Email: donna@trrlaw.com

**Counsel for Plaintiff in the *Streczyn* Action:**

Brian O. O'Mara
O'MARA LAW FIRM P.C.
311 East Liberty Street
Reno, NV 89501
Tel. (775) 323-1321
Fax. (775) 323-4082
Email: brian@omaralaw.net

13

**Counsel for Plaintiff in the *Ingles* Action:**

James L. Davidson
LERACH COUGHLIN STOIA GELLAR RUDMAN & ROBBINS LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
Tel. (561) 750-3000
Fax. (561) 750-3364
Email: jdavidson@lerachlaw.com

Stuart A. Davidson
LERACH COUGHLIN STOIA GELLAR RUDMAN & ROBBINS LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
Tel. (561) 750-3000
Fax. (561) 750-3364
Email: sdavidson@lerachlaw.com

Paul J. Gellar
LERACH COUGHLIN STOIA GELLAR RUDMAN & ROBBINS LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
Tel. (561) 750-3000
Fax. (561) 750-3364
Email: pgeller@lerachlaw.com

Shawn A. Williams
LERACH COUGHLIN STOIA GELLAR RUDMAN & ROBBINS LLP
100 Pine Street
Suite 2600
San Francisco, CA 94111
Tel. (415) 288-4545
Fax. (415) 288-4534
Email: shawnw@lerachlaw.com

**Counsel for Plaintiff in the *Brazilian* Action:**

Michael R. Bosse
BERNSTEIN, SHUR
100 Middle Street

14

P.O. Box 9729
Portland, ME 04104-5029
Tel. (207) 774-1200
Email: mbosse@bernsteinshur.com

Leonard M. Gulino
BERNSTEIN, SHUR
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
Tel. (207) 774-1200
Email: lgulino@bssn.com

Daniel J. Mitchell
BERNSTEIN, SHUR
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
Tel. (207) 774-1200
Email: dmitchell@bernsteinshur.com

Theodore A. Small
BERNSTEIN, SHUR
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
Tel. (207) 774-1200
Email: tsmall@bernsteinshur.com

**Counsel for Plaintiff in the *Golding* Action:**

Joseph J. Depalma
LITE, DEPALMA, GREENBERG & RIVAS, LLC
Two Gateway Center
12th Floor
Newark, NJ 07102-5003
Tel. (973) 623-3000
Email: jdepalma@ldgrlaw.com

**Counsel for Plaintiff in the *Gagliardi* Action:**

Joseph J. Depalma
LITE, DEPALMA, GREENBERG & RIVAS, LLC

Two Gateway Center
12th Floor
Newark, NJ 07102-5003
Tel. (973) 623-3000
Email: jdepalma@ldgrlaw.com

**Counsel for Plaintiff in the *Bonier et al.* Action:**

Michael A. Ferrara, Jr.
THE FERRARA LAW FIRM
601 Longwood Avenue
Cherry Hill, NJ 08002
Tel. (856) 779-9500
Email: mferrara@ferraralawfirm.com

**Counsel for Plaintiff in *Hidalgo et al.* Action:**

Joseph J. Depalma
LITE, DEPALMA, GREENBERG & RIVAS, LLC
Two Gateway Center
12th Floor
Newark, NJ 07102-5003
Tel. (973) 623-3000
Email: jdepalma@ldgrlaw.com

**Counsel for Plaintiff in the *Nunez et al.* Action:**

Joseph J. Depalma
LITE, DEPALMA, GREENBERG & RIVAS, LLC
Two Gateway Center
12th Floor
Newark, NJ 07102-5003
Tel. (973) 623-3000
Email: jdepalma@ldgrlaw.com

## <u>COURTS</u>

Clerk of Court
U.S. District Court, Western District of Arkansas
35 E. Mountain Street, Suite 510
Fayetteville, AR 72701-5354

Clerk of Court
Central District of California
312 N. Spring Street, Room G-8
Los Angeles, CA 90012
Clerk of Court

Clerk of Court
Northern District of California
Oakland Office
1301 Clay Street
Suite 400S
Oakland, CA 94612-5212

Clerk of Court
Northern District of California
San Francisco Office
450 Golden Gate Avenue
16th Floor
SF, CA 94102

Clerk of Court
District of Connecticut
450 Main
Hartford, CT 06103

Clerk of Court
Northern District of Florida
United States Courthouse
111 North Adams Street
Tallahasse, Florida 32301-7730

Clerk of Court
Southern District of Florida
299 E. Broward Blvd., Suite 108
Ft. Lauderdale, FL 33301

Clerk of Court
District of Idaho
Boise Office:
US Courts - District of Idaho
550 W. Fort St., Rm 400
Boise, ID 83724

17

Clerk of Court
Northern District of Illinois
209 S. Dearborn Street
Chicago, IL 60604

Clerk of Court
District of Maine
PORTLAND COURTHOUSE
156 Federal Street
Portland, Maine 04101

Clerk of Court
District of Nevada
333 South Las Vegas Blvd.
Las Vegas, NV
89101

Clerk of Court
U.S. District Court, District of New Jersey
4th & Cooper Streets, Suite 1050
Camden, NJ 08101

Clerk of Court
Northern District of Ohio
526 United States Court House
Two South Main Street
Akron, Ohio 44308-1813

Clerk of Court
Southern District of Ohio
Potter Stewart U.S. Courthouse
Room 103
Cincinnati, Ohio 45202

Clerk of Court
Southern District of Ohio
Joseph P. Kinneary U.S. Courthouse
Room 260
85 Marconi Boulevard
Columbus, Ohio 43215

Clerk of Court
United States District Court

District of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903

Clerk of Court
Patricia L. McNutt
Eastern District of Tennessee
800 Market Street, Suite 130
Knoxville, TN 37902

Clerk of Court
U.S. District Court, Western District of Washington
700 Stewart Street
Seattle, WA 98101

414809

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL

APR 1 0 2007

ON MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

)
)
IN RE: PET FOOD PRODUCTS LIABILITY      )      MDL Docket No. 1850
LITIGATION                              )
)
)

## REASONS WHY ORAL ARGUMENT SHOULD BE HEARD

Plaintiffs Paula Jared Workman, Mark and Mona Cohen, and Peggy Schneider (the

"Workman Group"), who are plaintiffs in two interrelated cases currently pending in the District of

New Jersey,[1] hereby request that oral argument be heard on the following Motions:

> Motion of Plaintiff Shirley Sexton For Transfer and Coordination or Consolidation Under
> 28 U.S.C. § 1407 in the **Central District of California,** filed on March 26, 2007;
>
> Motion of Florida Plaintiff Christina Troiano To Transfer and Coordinate or
> Consolidate Actions Under 28 U.S.C. § 1407 in the **Southern District of Florida,**
> filed on March 28, 2007; and
>
> Motion of Plaintiffs Tom Whaley et al. For Transfer and Consolidation of Related
> Actions To The **Western District of Washington** Pursuant to 28 U.S.C. § 1407,
> filed on March 29, 2007.

The Workman Group submits that oral argument will aid the Judicial Panel in deciding the

competing positions concerning the Motions for Transfer.

---

[1]    The captions of the two cases are set forth at Footnote 1 of the Workman Group's
accompanying Response.

Dated: April 9, 2007                    Respectfully Submitted,

                                        BERGER & MONTAGUE, P.C.

                                        Sherrie R. Savett, Esq.
                                        Michael T. Fantini, Esq.
                                        Russell D. Paul, Esq.
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        TEL: (215) 875-3000
                                        FAX: (215) 875-4636

                                        Robert A. Rovner, Esquire (No: 02322)
                                        ROVNER, ALLEN, ROVNER, ZIMMERMAN
                                          & NASH
                                        175 Bustleton Pike
                                        Feasterville, PA 19053
                                        TEL: (215) 698-1800

                                        *Counsel for Plaintiffs Jared Workman, Mark
                                        and Mona Cohen, and Peggy Schneider*

414924                          2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 0 2007

FILED
CLERK'S OFFICE

# Exhibit A

RECEIVED
CLERK'S OFFICE
2007 APR 10  A 10: 30
JUDICIAL PANEL ON

TRUJILLO RODRIGUEZ & RICHARDS, LLC
Lisa J. Rodriguez, Esquire
Donna Siegel Moffa, Esquire
8 Kings Highway West
Haddonfield, NJ 08033
TEL: (856)795-9002
FAX: (856)795-9887

BERGER & MONTAGUE, P.C.
Sherrie R. Savett, Esquire
Michael T. Fantini, Esquire
Russell D. Paul, Esquire
1622 Locust Street
Philadelphia, PA 19103
TEL: (215) 875-3000
FAX: (215)875-4636

Attorneys for Plaintiff and the Class

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Peggy Schneider, on behalf of herself and all others similarly situated, | : | |
| | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| Menu Foods Limited, Menu Foods Inc., and Menu Foods Midwest Corporation | : | COMPLAINT - CLASS ACTION JURY TRIAL DEMANDED |
| Defendants, | : | |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Peggy Schneider, by her attorneys, alleges upon information and belief, the following:

1.      This class action is brought, and these proceedings instituted, to redress the harms resulting from the manufacture, production, and sale by Menu Foods Limited, Menu Foods Inc. and Menu Foods Midwest Corporation of contaminated dog and cat food marketed under over 90 brand

names. Plaintiff makes the following allegations, except as to the allegations specifically pertaining to Plaintiff and Plaintiff's counsel, based upon the investigation undertaken by Plaintiff's counsel, which included, inter alia, review and analysis of Defendant's website, press releases, news articles, and pleadings filed in other suits.

### PRELIMINARY STATEMENT

2.      Defendants manufacture and sell over 90 brands of pet food for cats and dogs, including popular labels like Iams and Eukanuba and private label brands sold at large retail chains. On March 16, 2007, the parent company of Menu Foods Limited issued a press release announcing the recall of 60 million cans of contaminated dog and cat food manufactured between December 3, 2006 and March 6, 2007. The recall covers the "cuts and gravy" style pet foods in cans and pouches manufactured at two of Menu Foods Limited's U.S. manufacturing facilities - Menu Foods, Inc. and Menu Foods Midwest Corporation, located in New Jersey and Kansas, respectively.

3.      The recalled pet food that Plaintiff and Class members purchased and fed to their pets caused their pets to become ill through kidney disease, requiring veterinarians visits, medications, hospitalizations and, in some cases, burials of those pets that died due to renal failure caused by the contaminated pet food. Many pets that consumed the recalled tainted food now require ongoing monitoring of their health to ascertain the extent of the damage to their kidneys.

4.      Plaintiff here seeks damages, injunctive relief, attorneys' fees, and costs against Defendants.

### PARTIES

5.      Plaintiff Schneider resides at 431 Leconey Avenue, Palmyra, New Jersey 08065. Plaintiff Schneider purchased and fed her dog the pet food that was manufactured by Defendants

2

during the Class Period. The dog, Jimmy, became ill with kidney failure and subsequently died.

6.      Defendant Menu Foods Limited is a Canadian corporation located at 8 Falconer Dr., Mississauga, ON , L5N 1B1. Menu Foods Limited has done business throughout the United States and in the State of New Jersey at all times relevant to this lawsuit.

7.      Defendant Menu Foods Inc. is a New Jersey corporation, with its headquarters at 9130 Griffith Mogan Lane, Pennsauken, NJ 08110. Menu Foods Inc. has done business throughout the United States and in the State of New Jersey at all times relevant to this lawsuit. Menu Foods Inc. is a wholly-owned subsidiary of  Menu Foods Limited and manufactures pet food for distribution in the United States.

8.      Defendant Menu Foods Midwest Corporation is a Delaware corporation, with its headquarters at PO Box 1046, 1400 East Logan Ave., Emporia, KS 66801. Menu Foods Midwest Corporation has done business throughout the United States and in the State of New Jersey at all times relevant to this lawsuit. Menu Foods Midwest Corporation is a wholly-owned subsidiary of Menu Foods Limited and manufactures pet food for distribution in the United States.

9.      The events complained of occurred throughout the United States and in the State of New Jersey.

### JURISDICTION AND VENUE

10.      This Court has original jurisdiction over this class action under 28 U.S.C. §1332(d)(2) because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states.

11.      Venue in this Court is proper in that Defendants transacted business in this county

and the conduct complained of occurred in this district, as well as elsewhere in New Jersey.

## STATEMENT OF FACTS

12.     Defendants purport to be the leading North American private label/contract manufacturers of wet pet food products sold by supermarket retailers, mass merchandisers, pet specialty retailers, and other retail and wholesale outlets. In 2006, Menu Foods Limited produced more than one billion containers of pet food.

13.     Defendant Menu Foods Limited is the parent company of, and wholly-owns, both Defendant Menu Foods, Inc. ("MFI"), located in Pennsauken, New Jersey, and Defendant Menu Foods Midwest Corporation ("MFMC"), located in Emporia, Kansas. MFI and MFMC are two of Menu Food Limited's manufacturing facilities in the United States.

14.     At least from December 3, 2006 through March 6, 2007, Defendants failed to adhere to proper safety standards and failed to ensure that the pet food they manufactured and sold was free from contamination. More specifically, on March 16, 2007, the parent company of Menu Foods Limited issued a press release whereby it announced the recall of a portion of the dog and cat food manufactured between December 3, 2006 and March 6, 2007. The recall covers the "cuts and gravy" style pet foods in cans and pouches manufactured at two of Menu Food Limited's facilities - MFI located in Pennsauken, New Jersey and MFMC in Emporia, Kansas.

15.     Reportedly, 60 million cans and pouches of the pet food were recalled.

16.     On March 30, 2007, U.S. federal investigators reported that they discovered a substance used to make plastic kitchen utensils and fertilizer in samples of the recalled pet food. More specifically, investigators discovered melamine in wheat gluten, one of the ingredients of the pet food, as well as in finished wet dog and cat food in gravy, according to Stephen Sundlof, the

4

director of the Center for Veterinary Medicine at the U.S. Food and Drug Administration. Melamine is used as a fertilizer in Asia and is a durable plastic used to make plates and spoons, the FDA said.

17.    The recalled pet food was sold under more than 90 brand names, including popular labels like Iams and Eukanuba and private label brands sold at large retail chains. A list of all brand names that were recalled is contained on the Company's website and is attached hereto as Addendum A. Retailers who sold the contaminated products include Ahold USA, Kroger Co., Safeway, Wal-Mart, Pet Smart, and Pet Value, among others.

18.    Menu Foods Limited acknowledges receiving complaints in the United States which raised concern about pet food manufactured since early December 2006, and its impact on the renal health of the pets consuming the products. The Company has discovered that timing of the production associated with these complaints coincides with the introduction of an ingredient from a new supplier.

19.    Stephen Sundlof of the Food and Drug Administration said that Menu Foods began its own taste tests of its pet food beginning February 27, 2007 in approximately 40 to 50 pets. Within a few days, animals began showing signs of sickness. In early March 2007, 7 animals died. Menu Foods announced its recall weeks later, on March 16, 2007.

20.    The FDA reports that it received more than 8,000 complaints from owners of sick and deceased pets, as well as calls from veterinarians and pet food companies. The Defendants have reportedly received 300,000 calls from consumers.

21.    To date, Defendants have confirmed 16 pet deaths. The Veterinary Information Network reported that more than 100 pets have died.

22.    Plaintiff Schneider owned a dog named Jimmy. During March 2007, Plaintiff fed

her dog pet food manufactured by Defendants. On March 9, 2007, Jimmy began vomiting and had diarrhea. Plaintiff took Jimmy to an emergency veterinarian who treated Jimmy overnight. The veterinarian report that Jimmy was suffering from kidney failure. Jimmy was transferred from the emergency veterinarian to the family's veterinarian, who continued medical treatment to Jimmy. Despite medical treatment, Jimmy died on March 13, 2007.

23.    In addition to Plaintiff Schneider suffering emotional distress from the loss of her dog, she spent approximately $1,300 in veterinarian bills, which was not covered by insurance. In addition to these costs, Plaintiff Schneider has not received any refunds for the cost of the contaminated pet food that she initially purchased.

24.    As a result of Defendants' wrongful actions, Plaintiff and Class members have sick or deceased pets, and have suffered economic damages, including, but not limited to, the costs of the recalled pet food, the costs of medical treatment for their pets, burial costs, the costs to replace their pets, and the costs to replace or clean personal property damaged as a result of their pets' illnesses.

25.    In addition, their pets will require continuous medical monitoring to gauge the long-term effects of the contaminated pet food on their kidney functions and overall health. Therefore, because the precise impact on the health of class members' pets is not currently known, Plaintiff and the Class seek the cost of medical monitoring for their pets.

## CLASS ACTION ALLEGATIONS

26.    Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated.

27.    The class which Plaintiff seeks to represent are composed of all persons in the United

6

States who purchased any of the pet food brands manufactured by Defendants during the period commencing December 3, 2006 and ending March 6, 2007 (the "Class Period") that were recalled by Defendants.

28.     The Class is composed of thousands, and possible millions, of persons, the joinder of whom is not practicable.  The disposition of their claims in a class action will benefit both the parties and the Court.  Defendants have recalled 60 million cans of pet food that it sold throughout the United States during the Class Period, and thus the Class is sufficiently numerous to make joinder impracticable, if not impossible.

29.     There are questions of fact and law which are common to all members of the class, including, inter alia, the following:

> 1.     Whether Defendants breached any express or implied warranties when they manufactured and sold the recalled pet food;
>
> 2.     Whether Defendants' negligently manufactured and sold the recalled pet food; and
>
> 3.     Whether the Class has been damaged, and if so, the appropriate measure of damages including the nature of the equitable relief to which the class is entitled.

30.     The above common issues of fact and law predominate over any arguable individualized issues.

31.     Plaintiff's claims are typical of the claims of the other members of the class because Plaintiff and all of the Class members' damages arise from and were caused by having purchased and fed the recalled pet food to their pets.  As a result, the evidence and the legal theories regarding Defendants' alleged wrongful conduct are identical for Plaintiff and all of the Class members.

32.     Plaintiff will fairly and adequately protect the interests of the members of the Class,

and Plaintiff has no interests which are contrary to or in conflict with those of the Class they seek to represent. Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and to prosecute this action vigorously.

33.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the party opposing the class and would lead to repetitious trials of the numerous common questions of facts and law. Plaintiff does not believe that any difficulty will be encountered in the management of this litigation that would preclude its maintenance as a class action. Plaintiff believes and therefore avers that claims are small in relation to the costs of an individual suit, and a class action is the only proceeding pursuant to which Class members can, as a practical matter, recover. As a result a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34.    Proper and sufficient notice of this action may be provided to the Class members through notice published in appropriate publications.

35.    Plaintiff and the members of the Class have suffered irreparable harm and damages as a result of the Defendants' wrongful conduct as alleged herein. Absent representative action, Plaintiff and the members of the Class will continue to suffer losses, thereby allowing these violations of law to proceed without remedy.

## COUNT I - BREACH OF EXPRESS WARRANTY

36.    Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

37.    Defendants expressly warranted that the recalled brands of pet food were, in fact,

8

ingestible food that was safe for consumption by dogs and cats.

38.     In addition, Defendants made numerous express warranties about the quality of its food and its manufacturing facilities.  For example, Menu Foods touts the claim that it "manufacture[s] the private-label wet pet-food industry's most comprehensive product program with the highest standards of quality" and it operates "state-of-the-art" manufacturing facilities in the United States and Canada.

39.     Members of the Class were induced by Defendants' labeling, advertising and marketing the recalled brands of pet food as "food" to rely upon said express warranty, and did so rely in purchasing the recalled brands of pet food and feeding them to their pets.

40.     In reliance on Defendants' untrue warranties, Plaintiffs and the Class purchased the recalled pet food and fed that food to their pets.

41.     Plaintiff and members of the Class sustained damages as a proximate result of said breach of warranty.

### COUNT II - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

42.     Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

43.     Defendants are merchants pursuant to sections 2-104 and 2-314 of the Uniform Commercial Code with respect to pet foods.

44.     Through Defendants' marketing, labeling, and sales, Defendants impliedly warranted that the recalled pet food, which was sold to Plaintiff and Class members and fed to their pets, was fit for the ordinary purpose for which it was intended, namely, to safely feed and nourish pets without any resulting negative health effects, pursuant to section 2-314 of the Uniform Commercial

9

Code.

45.    Through Defendants' marketing, labeling, and sales, Defendants knew that Plaintiff and Class members would purchase the recalled pet food at issue for the ordinary purpose of feeding their pets.

46.    Defendants manufactured, labeled, advertised, sold, and distributed the recalled pet foods at issue for the ordinary purpose for which it was purchased by Plaintiff.

47.    Plaintiff and Class members purchased and used the recalled pet foods for the ordinary purposes for which such goods are sold, namely feeding them to their pets.

48.    Plaintiff and Class members relied upon Defendants' representations and claims in purchasing the recalled pet foods.

49.    The recalled pet foods purchased by Plaintiff and Class members were unfit for their ordinary purpose when sold. In fact, such pet foods were contaminated and caused severe illness and/or death of the pets that consumed them. Therefore, Defendants breached the implied warranty of merchantability in the sale of the recalled pet foods at issue.

50.    Plaintiff and members of the Class sustained damages as a proximate result of said breach of warranty.

### COUNT III - NEGLIGENCE

51.    Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

52.    Defendants owed a duty to pet owners who purchased its products to ensure that their pet food was safe for pets to consume and free from contamination, such that no pets consuming these products would be injured or die as a result of such consumption.

10

53.    Defendants breached said duty as described herein above when they failed to adhere to proper safety standards and failed to properly ensure the safety of their products when they sold contaminated pet food, proximately causing damage to Plaintiff and members of the Class.

55.    As a proximate result of the Defendants' conduct described herein, Plaintiff and members of the Class have suffered damages as a result and continue to suffer damages as a result.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues triable by right before a jury.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays for judgment as follows:

1.    That this Court certify this action as a Class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), and appoint Plaintiff and her counsel to represent the Class;

2.    That this Court enter judgment and award damages in favor of Plaintiff and the Class, and against Defendants under the theories alleged herein;

3.    That this Court establish a fund for the medical monitoring of Class Members' pets to discover and treat the extent of kidney damage these pets have suffered as a result of consuming Defendants' recalled pet food;

4.    That this Court award Plaintiff and the Class all attorneys' fees, expenses and costs of this suit;

5.    That this Court award Plaintiff and the Class pre-judgment and post-judgment interest at the maximum rate allowable by law, compounded daily; and

6.    That this Court grant such other, further, and different relief that the Court deems

necessary, just, and proper.

Dated: April 2, 2007                    Respectfully submitted,

                                        TRUJILLO RODRIGUEZ & RICHARDS, LLC


                                        By:   /s Donna Siegel Moffa
                                            Donna Siegel Moffa, Esquire
                                            Lisa J. Rodriguez, Esquire
                                            8 Kings Highway West
                                            Haddonfield, NJ  08033
                                            TEL:  (856)795-9002
                                            FAX: (856)795-9887

                                        BERGER & MONTAGUE, P.C.
                                        Sherrie R. Savett, Esquire
                                        Michael T. Fantini, Esquire
                                        Russell D. Paul, Esquire
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        TEL: (215) 875-3000


                                        FINE, KAPLAN AND BLACK, R.P.C.
                                        Roberta D. Liebenberg, Esquire
                                        1835 Market Street - 28th Floor
                                        Philadelphia, PA  19103
                                        TEL: (215) 567-6565

                                        Attorneys for Plaintiff and the Class



414708




12

Schedule A

Recalled Menu Foods' Pet Food Brands[1]

---

[1]    http://www.menufoods.com/recall/product_cat.html, accessed March 21, 2007;
http://www.menufoods.com/recall/product_dog.html, accessed March 21, 2007.



# MENU FOODS INCOME FUND

**Home**
**Recall Information**
Press Release
Cat Product Information
Dog Product Information

## Recalled Dog Product Information
Recall Information **1-866-895-2708**

Menu Foo
6 Falcone
Streetsvill
Canada L!

1. Americas Choice, Preferred Pets
2. Authority
3. Award
4. Best Choice
5. Big Bet
6. Big Red
7. Bloom
8. Cadillac
9. Companion
10. Demoulas Market Basket
11. Eukanuba
12. Food Lion
13. Giant Companion
14. Great Choice
15. Hannaford
16. Hill Country Fare
17. Hy-Vee
18. Iams
19. Laura Lynn
20. Loving Meals
21. Meijers Main Choice
22. Mighty Dog Pouch
23. Mixables
24. Nutriplan
25. Nutro Max
26. Nutro Natural Choice
27. Nutro Ultra
28. Nutro
29. Ol'Roy Canada
30. Ol'Roy US
31. Paws
32. Pet Essentials
33. Pet Pride – Good n Meaty
34. Presidents Choice
35. Price Chopper
36. Priority Canada
37. Priority US

Menu Foods Income Fund - Annual General Meeting                    Page 2 of 2

38. Publix
39. Roche Brothers
40. Save-A-Lot
41. Schnucks
42. Shep Dog
43. Springsfield Prize
44. Sprout
45. Stater Brothers
46. Stop & Shop Companion
47. Tops Companion
48. Wegmans Bruiser
49. Weis Total Pet
50. Western Family US
51. White Rose
52. Winn Dixie
53. Your Pet

© Copyright 2006, Menu Foods Income Fund, All Rights Reserved.
Best viewed using Internet Explorer.

# MENU FOODS INCOME FUND



**Home**

**Recall Information**

Press Release

Cat Product Information

Dog Product Information

## Recalled Cat Product Information
### Recall Information 1-866-895-2708

1. Americas Choice, Preferred Pets
2. Authority
3. Best Choice
4. Companion
5. Compliments
6. Demoulas Market Basket
7. Eukanuba
8. Fine Feline Cat
9. Food Lion
10. Foodtown
11. Giant Companion
12. Hannaford
13. Hill Country Fare
14. Hy-Vee
15. Iams
16. Laura Lynn
17. Li'l Red
18. Loving Meals
19. Meijer's Main Choice
20. Nutriplan
21. Nutro Max Gourmet Classics
22. Nutro Natural Choice
23. Paws
24. Pet Pride
25. Presidents Choice
26. Price Chopper
27. Priority US
28. Save-A-Lot
29. Schnucks
30. Science Diet Feline Savory Cuts Cans
31. Sophistacat
32. Special Kitty Canada
33. Special Kitty US
34. Springfield Prize
35. Sprout
36. Stop & Shop Companion
37. Tops Companion

Menu Foo
8 Falcone
Streetsvill
Canada L5

Menu Foods Income Fund - Annual General Meeting

38. Wegmans
39. Weis Total Pet
40. Western Family US
41. White Rose
42. Winn Dixie

© Copyright 2006, Menu Foods Income Fund, All Rights Reserved.
Best viewed using Internet Explorer.

# Exhibit B

*Simms, et al. v. Menu Foods Income Fund, et al.,* No. 07-5053 (W.D. Ark.);

*Scott, et al. v. Menu Foods, et al.,* No. 07-5055 (W.D. Ark.);

*Widen, et al. v. Menu Foods, et al.,* No. 5:07cv5055 (W.D. Ark);

*Ingles v. Menu Foods, Inc., et al.,* No. 3:07cv1809 (Cal. Northern);

*Paul Randolph Johnson et al. v. menu Foods Inc.,et al.,* No. 2:07-1987 (C.D. Cal.);

*Dawn Howe v. Menu Foods Limited et al.,* No 2:07-2060 (C.D. Cal.);

*Sexton v. Menu Foods, Inc. et al.,* No. CV07-01958 GHK (AJWx) (C.D. Cal.);

*Osborne v. Menu Foods, Inc.,* No. 07CV00469RNC (D.Conn.);

*Troiano v. Menu Foods, Inc., et al.,* No. 07-60428 CIV-COHN (S.D. Fla.);

*Waldhauer, et al. v. Menu Foods Inc., et al.* No. 3:07cv131 (Fla. Northern);

*Majerczyk v. Menu Goods, Inc.,* No. 07CV1543 (N.D. Ill.);

*Klimes et al. v.. Menu Foods,* No. 07-160 (ID);

*Brazilian v. Menu Foods, Income Fund, et al.,* No. 2:07cv 54 (Maine);

*Berndl et al v. Menu Foods, Inc et al.,* No. 07-1553 (NJ);

*Bonier, et al. v. Menu Foods, Inc., et al.* No. 1:07cv-1477 (NJ);

*Bullock v. Menu Foods Inc., et al.,* No. 07-1579 (NJ);

*Carter v. Menu Foods Inc., et al.,* No. 07-1562 (NJ);

*Gagliardi v. Menu Foods, Inc., et al.* No 07-1522 (NJ);

*Golding v. Menu Foods Limited et al.,* No. 07-1521 (NJ);

*Hidalgo et al v. Menu Foods Income Fund et al.,* No. 07-1488 (NJ);

*Nunez v. Menu Foods Limited et al.,* No. 07-1490 (NJ);

*Pittsonberger v. Menu Foods, Inc., et al.,* No. 07-1561 (NJ);

*Richard, et al. v. Menu Foods Income Fund, et al.,* No. 1:07cv1457 (NJ);

*Schneider v. Menu Foods Limited, et al.,* No. 07-1533 (NJ);

*Thomson, et al. v. Menu Foods Income Fund, et al.,* No. 2:07cv1360 (NJ);

*Tinker v. Menu Foods, Inc.,* No. 1:07cv1468 (NJ);

*Turturro v. Menu Foods, Inc et al.* No. 07-1523 (NJ);

*Wilson v. Menu Foods Income Fund, et al.,* No. 1:07cv1456 (NJ);

*Workman, et al. v. Menu Foods Limited, et al.,* No. 07-cv-1338 (NJ);

*Streczyn v. Menu Foods Inc., et al.* No 3:07-cv-159 (NV);

*Boehm v. Menu Foods, Inc et al. No. 07-1018* (N.D. Ohio);

*Brown v. Menu Foods, Inc., et al.* No. 1:07cv115 (RI);

*Holt v. Menu Foods, Inc.,* No. 07-cv-00094 (E.D. Tenn.);

*Light v. Menu Foods Income Fund,* No. 3:07cv98 (E.D. Tenn.);

*Tom Whaley v. Menu Foods, et al.,* No. C07-0411M (W.D. Wash.);

*Stacey Heller, et al. v. Menu Foods,* No. C07-0453JJC (W.D. Wash.);

*Suzanne E. Johnson, et al. v. Menu Foods,* No. C07-0455JCC (W.D. Wash.);

*Audrey Kornelius, et al. v. Menu Foods,* No. C07-0454MJP (W.D. Wash.); and

*Michele Suggett, et al. v. Menu Foods, et al.,* No. C07-0457RSM (W.D. Wash.);

*Johnson, Jacqueline v. the Proctor & Gamble Company,* No. 07-159 (W.D. Wisc.);

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 0 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL

## ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE: PET FOOD PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) |

MDL Docket No. 1850

## MEMORANDUM OF LAW BY PLAINTIFFS
## JARED WORKMAN, MARK AND MONA COHEN, AND PEGGY SCHNEIDER IN
## RESPONSE TO 3 MOTIONS FOR TRANSFER AND COORDINATION,
## AND FOR THE TRANSFER AND CENTRALIZATION
## OF ALL PET FOOD PRODUCTS LIABILITY LITIGATION
## IN THE DISTRICT OF NEW JERSEY

Plaintiffs Jared Workman, Mark and Monah Cohen, and Peggy Schneider (the "Workman

Group"), who are plaintiffs in two class actions currently pending in the District of New Jersey,[1]

submit this memorandum of law in response to the:

> Motion of Plaintiff Shirley Sexton For Transfer and Coordination or
> Consolidation Under 28 U.S.C. § 1407 in the **Central District of California**,
> filed on March 26, 2007;

---

[1] Workman, et al. v. Menu Foods Limited, et al., No. 07-cv-1338 (D. N.J.); Schneider v.
Menu Foods Limited, et al., No. 07-cv-1533(D. N.J.);

Motion of Florida Plaintiff Christina Troiano To Transfer and Coordinate or Consolidate Actions Under 28 U.S.C. § 1407 in the **Southern District of Florida**, filed on March 28, 2007; and

Motion of Plaintiffs Tom Whaley et al. For Transfer and Consolidation of Related Actions To The **Western District of Washington** Pursuant to 28 U.S.C. § 1407, filed on March 29, 2007.

For the reasons set forth below, **the Workman Group submits that these actions should be consolidated and transferred to the District Court for the District of New Jersey.**

## INTRODUCTION

The primary goal of a transfer under 28 U.S.C. § 1407 is to promote the "convenience of parties and witnesses" and "the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). With those principles in mind, the Workman Group believes that the 24 or more cases filed regarding tainted pet food manufactured, distributed and/or sold by defendants should be consolidated and transferred to one forum, and that forum should be the United States District Court for the District of New Jersey. In making its decision, this panel should consider these indisputable facts:

- While class members likely reside in all 50 states, **New Jersey is the forum to which the Canadian Defendant Menu Foods has the strongest nexus**. Menu Foods Ltd. (a Canadian company) maintains two U.S. manufacturing facilities: one in Pennsauken, New Jersey incorporated under New Jersey law under the name Menu Foods Inc. and physically located in the District of New Jersey; and one in Emporia, Kansas incorporated under Delaware law under the name Menu Foods Midwest Corporation. Tainted pet food was manufactured in both plants. With a facility in New Jersey and a legal entity incorporated there, the District of New Jersey has the strongest nexus to defendants and the strongest ties to this litigation;

- **The District of New Jersey is the closest district court to the location of critical documents and witnesses.** Defendant Menu Foods' New Jersey plant is directly implicated in the manufacture of tainted pet food. Thus, much of the discovery in the case, including defendants' document production and depositions

2

of defendants' employees, will emanate from or take place in or around
Pennsauken, New Jersey, where defendant Menu Foods Inc. is located. Since
critical documents and witnesses are located in New Jersey, the District of New
Jersey is the most convenient forum;

- Of the 39 lawsuits filed across the Country to date, **more complaints (16) were
filed in the District of New Jersey than in any other district.**

- **More named plaintiffs agree that the District of New Jersey is the
appropriate forum for this litigation over any other forum.** Because there are
26 named plaintiffs in 16 cases pending in the District of New Jersey, there are
more plaintiffs seeking to recover against defendants for contaminated pet food in
the District of New Jersey than in any other district court;

- **The District of New Jersey has extensive experience handling complex class
action cases.** The District of New Jersey has the expertise, experience, and
resources to handle this complex litigation;

- **The District of New Jersey, with its courthouse in Camden where the seven
New Jersey actions are currently pending, is easily accessible to all parties
due to the ease and variety of transportation in and out of neighboring
Philadelphia.** Philadelphia International Airport is conveniently located 11.6
miles from the District Court and 19.2 miles from Menu Foods' Pennsauken, New
Jersey plant;

- **The District of New Jersey is one of only two fora in which governmental
investigations are pending.** The FDA has sent inspectors to investigate the
Menu Foods' plants in New Jersey and Kansas; and

- **There are no real justifications to have the cases transferred to any other
district.** No other districts - the Western District of Washington, the Central
District of California, or the Southern District of Florida - have any real nexus to
defendants, defendants' unlawful actions, the evidence, or the pertinent actors and
witnesses. Again, the defendants are located in New Jersey, Canada and Kansas.
While the movants propose some other forum merely because plaintiffs have filed
suits there, the fact is that class members likely reside in all 50 states. Thus, there
are no compelling reasons to consolidate and transfer theses case to any of the fora
proposed by defendants.

Based upon these factors, the cases should be transferred to the District of New Jersey.

## ARGUMENT

First, the District of New Jersey is the forum to which the Defendant Menu Foods Ltd. (a

3

Canadian Company) has the strongest nexus. See <u>In re Swine Flu Immunization Products</u> <u>Liability Litig.</u>, 446 F.Supp. 244, 247 (J.P.M.L. 1978) ("Administrative control over the swine flue program was exercised by officials of the Department of Health, Education and Welfare, which is headquartered in the District of Columbia. The District of the District of Columbia therefore has a greater nexus to the principal issues involved in this litigation than any other federal district.") <u>citing</u> <u>In re Sundstrand Data Control, Inc. Patent Litig.</u>, 443 F.Supp. 1019, 1021 (J.P.M.L. 1978)  Menu Foods Ltd. maintains two manufacturing plants in the Untied States, both of which are implicated in the contaminated pet food at issue.  One plant is physically located in Pennsauken, New Jersey and is incorporated under New Jersey law under the name Menu Foods Inc.  The second plant is located in Emporia, Kansas and is incorporated under Delaware law under the name Menu Foods Midwest Corporation.  While members of the class reside in all fifty states, only the district courts of New Jersey and Kansas bear any nexus to the underlying conduct in this litigation other than the fact that plaintiffs reside there.  To date, no plaintiff has filed a case in, and no plaintiff has requested transfer of all cases to, Kansas.  The strong nexus of the District of New Jersey to defendants and this litigation, combined with the other factors discussed below, make it the appropriate forum for this multidistrict litigation.

Second, <u>the District of New Jersey is the forum closest to the location where discovery of</u> <u>documents and witnesses will occur.</u>  Defendant Menu Foods' New Jersey plant is directly implicated in the manufacture of tainted pet food.  Thus, New Jersey is the forum in which critical documents and witnesses actually exist.  Much discovery – including document production and the depositions of Menu Foods' employees – will occur in the District of New Jersey.  Because the District of New Jersey is the forum closest to the relevant documents and

4

witnesses, it is the most convenient forum and, thus, should be selected as the transferee forum. See In re Southwestern Life Ins. Co. Sales Practices Litig., 268 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003) (court closest to witnesses and documents was chosen); In re Union Carbide Corp. Gas Plant Disaster at Bhopal, India, 601 F. Supp. 1035, 1036 (J.P.M.L. 1985) (Panel chose forum closest to defendant's corporate headquarters where relevant witnesses and documents might be located); In re Richardson-Merrell, Inc., 533 F. Supp. 489, 490-91 (J.P.M.L. 1982) (same); In re Sundstrand Data Control, Inc. Patent Litig., 443 F.Supp. 1019, 1021 (J.P.M.L. 1978) (most of the relevant documents and witnesses were located in the vicinity of the transferee forum); see also 15 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3864 n.6, 19 (3d ed. 2006) (collecting cases).

Third, more complaints were filed in the District of New Jersey against defendants than in any other district. Of the 39 cases filed to date, 16 were filed in the District of New Jersey. This compares to 2 filed in the Western District of Arkansas; 1 filed in the Northern District of California; 3 filed in the Central District of California; 1 filed in the District of Connecticut; 1 filed in the Southern District of Florida; 1 filed in the Northern District of Florida; 1 filed in the Northern District of Illinois; 1 filed in the District of Maine; ; 1filed in the Western District of Wisconsin; 1 filed in the District of Rhode Island; 2 filed in the Eastern District of Tennessee; 1 filed in the District of Ohio; 1 filed in the District of Idaho; 1 filed in the District of Nevada; and 5 filed in the Western District of Washington.[2] See 3 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 9:16 (4th ed. 2006) [hereinafter "Newberg on Class Actions"] ("Other factors that may be considered in selecting the appropriate transferee district are: . . . (9)

_____

[2] A list of currently filed federal actions against Menu Foods is attached hereto as Addendum A.

5

a forum where most of the cases were originally filed.") (collecting cases).

Fourth, <u>more named plaintiffs agree that the District of New Jersey is the appropriate forum for this litigation over any other forum</u>. There are 26 named plaintiffs in the 16 cases filed in the District of New Jersey. This compares to 4 named plaintiffs in the 2 cases filed in the Western District of Arkansas; 1 named plaintiff in the case filed in the Northern District of California; 4 named plaintiffs in the 3 cases filed in the Central District of California; 1 named plaintiff in the case filed in the District of Connecticut; 1 named plaintiff in the case filed in the Southern District of Florida; 2 named plaintiffs in the case filed in the Northern District of Florida; 1 named plaintiff in the case filed in the Northern District of Illinois; 1 named plaintiff in the case filed in the District of Maine; 2 named plaintiffs in the case filed in the Western District of Wisconsin; 1 filed in the Western District of Wisconsin 1 named plaintiff in the case filed in the District of Rhode Island; 5 named plaintiffs in the 2 cases filed in the Eastern District of Tennessee; 1 named plaintiff in the case filed in the District of Ohio; 3 named plaintiffs in the case filed in the District of Idaho; 1 named plaintiff in the case filed in the District of Nevada; and 12 named plaintiffs in the 5 cases filed in the Western District of Washington. Thus, more named plaintiffs believe that the District of New Jersey is the appropriate forum for this litigation over any other forum. <u>See</u> <u>Newberg on Class Actions</u> § 9:16 ("Other factors that may be considered in selecting the appropriate transferee district are: . . . (11) a forum upon which most parties agree.") (collecting cases).

Fifth, <u>the District of New Jersey has extensive experience handling complex class action cases</u>. The Panel should consider that the District of New Jersey has the expertise, experience, and resources to handle this complex case. <u>See</u> <u>In re Gator Comp. Software Trademark &</u>

6

Copyright Litigation, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003) (Panel chose court which was an accessible, metropolitan court, not overtaxed in its docket, and which had "necessary resources and expertise" to handle the matter); In re Wireless Telephone 911 Calls Litigation, 259 F. Supp. 2d 1372, 1374 (J.P.M.L. 2003) (Panel chose court which possessed the necessary resources to handle the matter).

Sixth, the District of New Jersey is the forum in which a governmental investigation is pending. Along with Kansas, New Jersey is the only forum in which the FDA is leading an investigation into the Menu Foods contaminated pet food crisis.[3]  See Newberg on Class Actions § 9:16 ("Other factors that may be considered in selecting the appropriate transferee district are: . . . (2) the district within which a governmental enforcement action is pending.") (collecting cases).

Seventh, the District of New Jersey, with its office in Camden where 15 of the 16 District of New Jersey complaints are currently pending before Judge Noel L. Hillman, is easily accessible to all parties due to the ease and variety of transportation in and out of Philadelphia, a major urban center just across the Delaware River from Camden. Philadelphia's International Airport is conveniently located 11.6 miles from the New Jersey District Court in Camden and 19.2 miles from Menu Foods' New Jersey facility. This litigation will benefit from having a locale convenient to all parties involved in a major accessible metropolitan center. See In re WorldCom, Inc. Sec. & ERISA Litig., 226 F. Supp. 2d 1352, 1355 (J.P.M.L. 2002) (Panel chose New York as forum because litigation would benefit from "centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations,

---

[3] http://www.msnbc.msn.com/id/17650075/, accessed April 2, 2007.

7

and offers a well developed support system for legal services").

Eight, there are no real justifications to have the cases transferred to any other district. Neither Florida, California, nor Washington have any real nexus to Menu Foods' pet food contamination, the evidence, witnesses or the parties (other than class members, who reside in all 50 states).

In sum, based on all of these relevant factors, the District Court for the District of new Jersey is the most appropriate forum for this litigation.

## CONCLUSION

For the reasons stated above, the Panel should take jurisdiction over the currently-pending actions and enter an order transferring them, and any "tag along" actions, to the U.S. District Court for the District of New Jersey.


Dated: April 9, 2007                    Respectfully Submitted,

                                        BERGER & MONTAGUE, P.C.

                                        Sherrie R. Savett, Esq.
                                        Michael T. Fantini, Esq.
                                        Russell D. Paul, Esq.
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        TEL: (215) 875-3000
                                        FAX: (215) 875-4636

                                        *Counsel for Plaintiffs Jared Workman, Mark
                                        and Mona Cohen, and Peggy Schneider*

8