A CERTIFIED TRUE COPY

JUN 1 9 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK

Deputy Clerk

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1850*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 9 2007

FILED
CLERK'S OFFICE

07C 1543

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

# *IN RE PET FOOD PRODUCTS LIABILITY LITIGATION*

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation presently consists of thirteen actions listed on the attached Schedule A and pending in eight districts as follows: five actions in the Western District of Washington; two actions in the Western District of Arkansas; and one action each in the Central District of California, the District of Connecticut, the Southern District of Florida, the Northern District of Illinois, the District of New Jersey, and the Eastern District of Tennessee. Before the Panel are three motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all of these actions.[1] All responding parties agree that centralization is appropriate, but differ regarding the most appropriate transferee district for this litigation. In favor of the District of New Jersey as transferee district are moving Central District of California and Southern District of Florida plaintiffs and plaintiffs in the District of Connecticut, the District of New Jersey, and three of the Western District of Washington actions before the Panel, as well as plaintiffs in fourteen potentially related actions. Plaintiffs in two of the five Western District of Washington actions move for centralization in the Western District of Washington; plaintiffs in the Eastern District of Tennessee action support centralization there; and plaintiffs in the other three Western District of Washington actions alternatively support centralization there. In favor of the Western District of Arkansas as transferee district are plaintiffs in the two Western District of Arkansas actions and the Northern District of Illinois action, and plaintiffs in six potentially related actions. Plaintiffs in two potentially related District of New Jersey actions alternatively support centralization in the Western District of Arkansas. Supporting the Northern District of Illinois as transferee district are all responding defendants, including Menu Foods, Inc., and its related entities, and plaintiffs in one potentially related action. In favor of the Central District of California as transferee district are plaintiffs in nine potentially related actions. Finally, plaintiff in a potentially related Northern District of Ohio action suggests centralization in the Northern District of Ohio.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this

---

[*] Judge Miller did not participate in the decision of this matter.

[1] The Panel has been notified of 97 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Dockets.Justia.com

-2-

litigation involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions stem from the recall of pet food products allegedly tainted by melamine found in wheat gluten imported from China and used in these products. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Although several districts could be described as an appropriate transferee forum for this nationwide litigation, we are persuaded to select the District of New Jersey. Pretrial proceedings are advancing well there and about one-third of all pending actions are already in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Noel L. Hillman for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

## MDL-1850 -- In re Pet Food Products Liability Litigation

### Western District of Arkansas

*Charles Ray Sims, et al. v. Menu Foods Income Fund, et al.*, C.A. No. 5:07-5053
*Richard Scott Widen, et al. v. Menu Foods, Inc., et al.*, C.A. No. 5:07-5055

### Central District of California

*Shirley Sexton v. Menu Foods Income Fund, et al.*, C.A. No. 2:07-1958

### District of Connecticut

*Lauri A. Osborne v. Menu Foods, Inc.*, C.A. No. 3:07-469

### Southern District of Florida

*Christina Troiano v. Menu Foods, Inc., et al.*, C.A. No. 0:07-60428

### Northern District of Illinois

*Dawn Majerczyk v. Menu Foods, Inc.*, C.A. No. 1:07-1543

### District of New Jersey

*Jared Workman, et al. v. Menu Foods Ltd., et al.*, C.A. No. 1:07-1338

### Eastern District of Tennessee

*Lizajean Holt, et al. v. Menu Foods, Inc.*, C.A. No. 3:07-94

### Western District of Washington

*Tom Whaley v. Menu Foods, Inc., et al.*, C.A. No. 2:07-411
*Stacey Heller, et al. v. Menu Foods*, C.A. No. 2:07-453
*Audrey Kornelius, et al. v. Menu Foods*, C.A. No. 2:07-454
*Suzanne E. Johnson, et al. v. Menu Foods*, C.A. No. 2:07-455
*Michele Suggett, et al. v. Menu Foods, et al.*, C.A. No. 2:07-457

**UNITED STATES DISTRICT COURT**
**MARTIN LUTHER KING, JR.**
**FEDERAL BLD & U.S. COURTHOUSE**
**50 WALNUT STREET**
**P.O. BOX 419**
**NEWARK, N.J. 07101-0419**

William T. Walsh
Clerk

CAMDEN OFFICE
4th & Cooper Streets
P.O. Box 2797
Camden, N.J. 08101

TRENTON OFFICE
402 East State Street
P.O. Box 515
Trenton, N.J. 08603

June 25, 2007

REPLY TO: CAMDEN

Illinois Northern District Court
Michael W. Dobbins, Clerk
2050 Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

Re: MDL1850 In re Pet Food Products Liability Litigation    andersen

Dawn Majerczyk v. Menu Foods, Inc. 1:07-1543

District of New Jersey Civil Action No. 1:07cv2867(NLH)(AMD)

**FILED**

JUN 2 9 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Dear Clerk:

Enclosed is a certified copy of the Order of the Judicial Panel on Multidistrict Litigation, transferring the above-entitled action(s) presently pending in your Court to the District of New Jersey and assigning it to the Honorable Noel L. Hillman, USDJ for coordinated or consolidated pretrial proceedings pursuant to 28 USC 1407.

If your court is currently on CM/ECF Version 3.0 you can transfer the case to us via Case Extraction in Utilities. If you have any questions, please call me at 856-757-5021.

Please return the copy of this letter when transmitting your file(s) and certified copy of the docket sheet(s).

Sincerely,

WILLIAM T. WALSH, Clerk
Marcy Barratt
/s/ Deputy Clerk

Enc.
cc: Jeffrey N. Luthi
    Clerk, Judicial Panel on Multidistrict Litigation